1  JEFFREY A. KOBULNICK - Bar No. 228299
   MARK D. BRUTZKUS - Bar No. 128102
2  JOSEPH M. ROTHBERG - Bar No. 286363
   EZRA BRUTZKUS GUBNER LLP
3  21650 Oxnard Street, Suite 500
   Woodland Hills, CA 91367
4  Telephone:  (818) 827-9000
   Facsimile: (818) 827-9099
5  Email:    jkobulnick@ebg-law.com
             mbrutzkus@ebg-law.com
6             jrothberg@ebg-law.com

7

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8  Attorneys for Plaintiff, Anhing Corporation

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  ANHING CORPORATION, a
    California corporation,
13
                Plaintiff,
14
        v.
15
    .THUAN PHONG COMPANY
16  LIMITED, and DOES 1-10

17             Defendants.

18

Case No. CV13-05167-BRO
(MAN)

COMPLAINT FOR:

(1) TRADEMARK INFRINGMENT
    (15 U.S.C. §1114);

(2) UNFAIR COMPETITION AND
    FALSE DESIGNATION OF
    ORIGIN (15 U.S.C. § 1125(a));

(3) TRADE DRESS INFRINGEMENT
    (15 U.S.C. § 1125(a));

(4) FEDERAL TRADEMARK
    DILLUTION (15 U.S.C. § 1125(c));

(5) COMMON LAW TRADEMARK
    INFRINGMENT

(6) CALIFORNIA TRADEMARK
    DILLUTION (Cal. Bus. & Prof.
    §14335);

(7) UNFAIR COMPETITION (Cal.
    Bus. & Prof.

DEMAND FOR JURY TRIAL

19
20
21
22
23
24
25
26
27
28

1
COMPLAINT

826387_3

1    Plaintiff Anhing Corporation ("Anhing" or "Plaintiff"), by and for its

2  Complaint against Defendants Thuan Phong Company Limited ("Thuan Phong") and

3  DOES 1 through 10, inclusive, (collectively, "Defendants") alleges to the Court as

4  follows:

5                                **JURISDICTION AND VENUE**

6        1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C.

7  §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United

8  States – namely, the Lanham Act.  This Court has supplemental jurisdiction pursuant

9  to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent

10  with the federal law claims, and that arise from the same case or controversy.

11        2.      This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 as

12  Plaintiff and all Defendants are citizens of different states and the amount in

13  controversy exceeds $75,000.

14        3.      This Court has personal jurisdiction over Defendants in that they do

15  business in the State of California.

16        4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)

17  because Defendants have significant contacts with this judicial district.

18        5.      Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2)

19  because a substantial part of the facts giving rise to the acts or omissions alleged

20  herein took place in this District.

21        6.      Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c)

22  because Defendant Thuan Phong is a corporation subject to personal jurisdiction in

23  this District.

24                                     **THE PARTIES**

25        7.      Plaintiff is a California corporation, organized and operating under the

26  laws of the State of California, having its principal place of business at 418 North

27  Avenue 19, Los Angeles, California 90031.

28        8.      Upon information and belief, Defendant Thuan Phong is a Vietnamese

826387_3

1   limited liability company with a business address at My Tho Industrial Zone, Trung

2   An Commune, My Tho Town, Vietnam.

3        9.      Upon information and belief, Defendant Thuan Phong has directed

4   ongoing and substantial commercial activities toward the State of California and in the

5   County of Los Angeles, including without limitation the Central District of California.

6        10.     Plaintiff is ignorant of the true names of capacities of the defendants sued

7   herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such

8   fictitious names.  Plaintiff will seek to amend this Complaint to allege such names and

9   capacities as soon as they are ascertained.  Plaintiff is informed and believes, and on

10  that basis alleges, that each of the fictitiously-named defendants is in some manner

11  responsible, liable and/or obligated to Plaintiff in connection with the acts alleged

12  herein.

13                           **NATURE OF THE ACTION**

14       11.     Anhing is the owner of several distinctive and well known trademarks,

15  including but not limited to the mark MY-THO, which Anhing has used in interstate

16  commerce for over 30 years since October 1980 in connection with the manufacture

17  and sale of rice noodles, among other food products sold throughout the United States.

18       12.     Anhing owns federal trademark Registration No. 1,393,449 for its MY-

19  THO mark, which was registered with the U.S. Patent and Trademark Office

20  ("USPTO") on May 13, 1986 and which has long been incontestable.  A true and

21  correct copy of Anhing's trademark registration certificate is attached hereto as

22  **Exhibit A**.

23       13.     An image of Anhing's MY-THO rice noodle product is attached hereto

24  as **Exhibit B**.  As shown therein, Anhing's packaging uses Plaintiff's mark both as

25  MY-THO and MỸ-THO.  Anhing claims the exclusive right to the mark in both forms

26  (hereinafter collectively, Plaintiff's "MY-THO Mark") as used in connection with

27  Anhing's rice noodle products.

28       14.     Upon information and belief, Defendant Thuan Phong is using the same

826387_3

1 | MỸ-THO mark, in several forms as discussed further below, also in connection with
2 | the manufacture and sale of rice noodles in the United States.

3 | 15.   Upon information and belief, on August 21, 2007, Defendant Thuan
4 | Phong filed an application with the USPTO, Serial No. 77/261,201, to register the
5 | BÁNH TRÁNG MỸ THO TUFOCO DAC BIET DE LAM GOI CUON VA CHA
6 | GIO VIET NAM & Design mark shown in **Exhibit C** attached hereto in connection
7 | with rice paper, claiming use of that mark since June 18, 2002.  That mark was
8 | registered with the USPTO (Reg. No. 3,526,431) on November 4, 2008.

9 | 16.   Plaintiff initiated a cancellation proceeding with the USPTO's Trademark
10 | Trial and Appeal Board ("TTAB") against Thuan Phong's above-referenced
11 | Registration No. 3,526,431 on July 21, 2011, which was assigned Cancellation No.
12 | 92054355.

13 | 17.   Upon information and belief, Defendant Thuan Phong also filed two
14 | applications with the USPTO on October 12, 2010, Serial Nos. 85/150,178 and
15 | 85/150,192, to register (a) the BANH PHO MY THO, TUFOCO, RICE NOODLE,
16 | BAMBOO TREE, HIEU BA CAY TRE, PREPARATION ALIMENTAIRE A BASE
17 | DE FARINE DE RIZ & Design mark shown in **Exhibit D** attached hereto and (b) the
18 | HU TIEU MY THO, TUFOCO, RICE NOODLE, BAMBOO TREE, HIEU BA CAY
19 | TRE, PREPARATION ALIMENTAIRE A BASE DE FARINE DE RIZ & Design
20 | mark shown in **Exhibit E** attached hereto, both in connection with noodles and rice
21 | noodles.  According to available USPTO records (true and correct copies of which are
22 | also attached as part of Exhibits D and E hereto, respectively), both of these
23 | applications were filed on an "intent to use" basis under Section 1(b) of the Lanham
24 | Act.  Plaintiff initiated an opposition proceeding against both of those applications on
25 | July 21, 2011, which was assigned Opposition No. 91201128.

26 | 18.   Plaintiff's Cancellation No. 92054355 and Opposition No. 91201128 are
27 | combined proceedings with the TTAB, and are currently pending.

28 |

826387_3

19. As set forth above, Plaintiff has used its MY-THO Mark for more than 30 years, and long before Defendant Thuan Phong adopted or began using any of its above marks.

20. Although Defendants have been made aware of Plaintiff's prior rights to the MY-THO Mark, Defendants are still using the MỸ-THO mark in connection with noodle and rice paper products.

21. Defendant's various MỸ-THO marks are identical to and indistinguishable from Plaintiff's MY-THO Mark.

22. Plaintiff brings this action for trademark infringement, trademark dilution, unfair competition and related offenses arising from Defendants' unlawful use of the MỸ-THO mark.

## BACKGROUND FACTS

**A.    Anhing's Background, Intellectual Property and Products**

23. Anhing was founded in 1980 by Henry Ly, a hard-working man who came to the United States from Vietnam with little money. Since then, Anhing, which has always remained and still is a family owned business, has become very successful. Currently, Anhing's annual revenue exceeds $40 million. Anhing's success has been in large part due to the strength of its brands, including CARAVELLE and MY-THO, sold under the CARAVELLE label.

24. As indicated above, Anhing is the owner of incontestable U.S. Trademark Registration No. 1,393,449 for its MY-THO Mark, which is registered on the USPTO's Principal Register. Anhing's registration is valid and subsisting and provides prima facie evidence of Anhing's ownership of the MY-THO Mark and of its exclusive right to use the MY-THO Mark in the United States in connection with food products.

25. Anhing's MY-THO Mark is inherently distinctive.

26. As a result of Anhing's extensive, continuous use of its MY-THO Mark for more than 30 years, the Mark has further acquired distinctiveness among

consumers of rice noodle products.

27.    Plaintiff's MY-THO Mark  has a dual meaning in the Vietnamese language, namely "beauty and longevity" and "pretty autumn."

28.    Anhing has sold rice noodles under its MY-THO Mark continuously since at least October 1980.  Anhing has enjoyed tremendous success with its MY-THO products, which have achieved sales volumes of more than fifteen (15) million dollars since that time.  Anhing's MY-THO products are sold through 100 distributors and 700 retailers throughout the entire United States, and through many third party retailer websites.

29.    By virtue of this use, the relevant consuming public has come to associate MY-THO (and MỸ-THO) with Anhing's food products, consequently allowing Anhing to build a valuable reputation in connection with its MY-THO Mark. Anhing has expended considerable time, effort and money in advertising and otherwise promoting its MY-THO branded products.  As such, Anhing has acquired extensive goodwill in and common law interest rights to MY-THO, MỸ-THO, and variations thereof, in connection with rice noodles and other food products.  As a result of the longstanding, continuous and extensive use of Anhing's MY-THO Mark for more than 30 years, the mark has become famous in the minds of consumers in connection with food products.

30.    Moreover, Anhing has used its same distinctive green product packaging shown in Exhibit B, including green borders, fonts and design elements, extensively for more than 30 years, and with the title of the product shown in a larger font in an arch shape across the top center of the package.  As a result, Anhing has established protectable trade dress for its distinctive product packaging design, which are also of great value to Anhing.

31.    Anhing's MY-THO branded rice noodles are made in Thailand and imported for sale into the United States by Plaintiff, and sold in 16 oz. packages, as expressly indicated on Plaintiff's product packaging (shown in Exhibit B).

826387_3

**B.   Defendant's Unauthorized Activities**

32.   Upon information and belief, long after Anhing had established its own rights to the MY-THO Mark and trade dress, Thuan Phong began using the MỸ-THO mark as set forth above in connection with the promotion and manufacture of rice noodles and rice paper, which Thuan Phong also sells in green product packaging with the product title in larger bold font in an arch across the center top of the product.

33.   Defendant Thuan Phong has entered the same market as Plaintiff.

34.   Defendant Thuan Phong's rice noodles and rice paper goods marketed under the MỸ-THO mark are imported from Vietnam, and are of a lower quality than Plaintiff's own MY-THO branded products.

35.   Defendant Thuan Phong sells its rice noodles under the MỸ-THO mark in smaller, 14-ounce bags, compared to Plaintiff's 16-ounce bags, and at a lower price.

36.   As a result of Thuan Phong's use of a virtually identical version of Anhing's MY-THO Mark and trade dress in connection with identical products, consumers are likely to be confused and deceived to believe that Thuan Phong's products are authorized by or come from Plaintiff.

37.   Upon information and belief, DOE Defendants 1 through 10 have assisted, cooperated with and conspired with Thuan Phong to create, acquire, purchase, advertise, promote, distribute and/or sell products bearing the MỸ-THO mark without Anhing's authorization.

38.   Unless enjoined, Defendants will continue to use Plaintiff's MY-THO Mark and trade dress in connection with rice noodles and rice paper, which is causing and will continue to cause consumer confusion and dilute the strength and valuable reputation of Anhing's MY-THO Mark and trade dress.

/ / /

/ / /

/ / /

/ / /

826387_3

# COUNT ONE

## (Federal Trademark Infringement)

## (15 U.S.C. § 1114)

### (Against All Defendants)

39.     Anhing re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-38 above herein.

40.     The federally registered MY-THO mark and goodwill of the business associated therewith in the United States are of great and incalculable value.

41.     Anhing's MY-THO Mark is highly distinctive and arbitrary, and has become associated in the public mind with products of the highest quality and reputation with Anhing as the source of origin.

42.     Upon information and belief, without Anhing's authorization or consent, and having knowledge of Anhing's well-known and prior rights in the MY_THO mark, Defendants are creating and offering for sale a MỸ-THO Rice Noodles and MỸ-THO Rice Paper.

43.     Upon information and belief, Defendants' MỸ-THO rice noodles and rice paper are marketed to the same consumers as Anhing's own, in direct competition with Anhing's own MY-THO rice noodles, in or affecting interstate commerce.

44.     Defendants' use in commerce of the identical MỸ-THO mark is likely to cause confusion, mistake and deception among the general purchasing public as to the origin of Defendants' product, and is likely to deceive the public into believing that Defendants' product originates from, is associated with or is otherwise authorized by Anhing, all to the damage and detriment of Anhing's reputation, goodwill and sales.

45.     Defendants' reproduction, counterfeiting, copying or colorable imitation of the MỸ-THO mark as applied to Defendants' labels, packages, wrappers or advertisements intended to be use and used in commerce upon or in connection the sale or re-sale, offering for sale or re-sale, distribution or advertising of goods and services is likely to cause confusion, mistake, or deception among the general

826387_3

1   purchasing public as to the origin of Defendants' unauthorized product, and is likely

2   to deceive the public into believing that unauthorized product being sold by

3   Defendants originates from, is associated with or is otherwise authorized by Anhing,

4   all to the damage and detriment of Anhing's reputation, goodwill and sales.

5       46.   Defendants' acts constitute willful trademark infringement in violation of

6   Section 32 of the Lanham Act, 15 U.S.C. Section 1114.

7       47.   Anhing has no adequate remedy at law and, if Defendants' activities are

8   not enjoined, Anhing will continue to suffer irreparable harm and injury to its

9   goodwill and reputation.  Anhing is therefore entitled to injunctive relief pursuant to

10  15 U.S.C. Section 1116.

11      48.   Pursuant to 15 U.S.C. Section 1117, Anhing is entitled to recover

12  damages in an amount to be determined at trial, profits made by Defendants on sales

13  of its unauthorized products, and the costs of this action.  Furthermore, the foregoing

14  actions of Defendants were undertaken willfully and with the intention to cause

15  confusion, mistake, or deception, thus entitling Anhing to recover treble damages and

16  reasonable attorneys' fees.

17                            **COUNT TWO**

18          **(Unfair Competition and False Designation of Origin)**

19                        **(15 U.S.C. § 1125(a))**

20                        **(Against All Defendants)**

21      49.   Anhing realleges and incorporates by reference each and every allegation

22  contained in the preceding paragraphs 1-48 of this Complaint.

23      50.   The unauthorized product being offered for sale by Defendants is of the

24  same general nature and type as MY-THO products sold and offered for sale by

25  Anhing and, as such, Defendants' use is likely to cause confusion to the general

26  purchasing public.

27      51.   By misappropriating and using the MỸ-THO mark, Defendants

28  misrepresent and falsely describe to the general public the origin and source of their

826387_3

1  unauthorized products and create a likelihood of confusion by ultimate purchasers as
2  to both the source and sponsorship of such products.

3       52.    Defendants' unlawful, unauthorized, and unlicensed acquisition,
4  purchase, distribution, offer for sale and/or re-sale, sale and/or resale of their
5  unauthorized product using the same MỸ-THO mark and highly similar product
6  packaging with the same goods as Anhing directly and unfairly competes with
7  Anhing, as such conduct creates express and implied misrepresentations that the
8  unauthorized products were created, authorized or approved by Anhing, all to
9  Defendants' profit and Anhing's great damage and injury.

10       53.    Defendants' aforesaid acts are in violation of Section 43(a) of the
11  Lanham Act, 15. U.S.C. § 1125(a), in that Defendants' use of the MỸ-THO mark and
12  product packaging, in connection with Defendants' goods, in interstate commerce
13  constitutes a false designation of origin and unfair competition.

14       54.    Anhing has no adequate remedy at law and, if Defendants' activities are
15  not enjoined, Anhing will continue to suffer irreparable harm and injury to its
16  business, goodwill and reputation.

17       55.    As a result of Defendants' activities, Anhing has been damaged in an
18  amount to be determined at trial, and including but not limited to the costs of this
19  action.  Furthermore, Anhing is entitled to recover treble damages and reasonable
20  attorneys' fees.

21  **COUNT THREE**
22  **(Trade Dress Infringement)**
23  **(15 U.S.C. § 1125(a))**
24  **(Against All Defendants)**

25       56.    Anhing realleges and incorporates by reference each and every allegation
26  contained in the preceding paragraphs 1-55 of this Complaint.

27       57.    The unauthorized product being offered for sale by Defendants is
28  marketed and sold in a confusingly similar, if not virtually identical, product

826387_3

1  packaging as Anhing's established protectable trade dress.

2      58.   A comparison of the parties' respective products (Exhibit B versus

3  Exhibits C, D and E attached hereto) shows how Defendant Thuan Phong is using

4  Anhing's protectable trade dress in bad faith.

5      59.   Defendants' unlawful, unauthorized, and unlicensed acquisition,

6  purchase, distribution, offer for sale and/or re-sale, sale and/or resale of their

7  unauthorized product using a highly similar product packaging with the same goods as

8  Anhing infringes upon Anhing's trade dress, as Defendants' aforementioned conduct

9  to offer its own products in the same product packaging is likely to cause confusion to

10  the general purchasing public to believe that Defendant Thuan Phong's product is

11  authorized by or otherwise affiliated with Anhing.

12      60.   Defendants' aforementioned conduct constitutes trade dress infringement

13  in violation of 15. U.S.C. § 1125(a), is to Defendants' profit and Anhing's great

14  damage and injury.

15      61.   Anhing has no adequate remedy at law and, if Defendants' activities are

16  not enjoined, Anhing will continue to suffer irreparable harm and injury to its

17  business, goodwill and reputation.

18      62.   As a result of Defendants' activities, Anhing has been damaged in an

19  amount to be determined at trial, and including but not limited to the costs of this

20  action.  Furthermore, Anhing is entitled to recover treble damages and reasonable

21  attorneys' fees.

22  **COUNT FOUR**

23  **(Federal Trademark Dilution)**

24  **(15. U.S.C. § 1125(c))**

25  **(Against All Defendants)**

26      63.   Anhing realleges and incorporates by reference each and every allegation

27  contained in the preceding paragraphs 1-62 of this Complaint.

28      64.   Anhing's MY-THO Mark mark is a "famous mark" within the meaning

826387_3

of Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c)(1) and has been a famous mark prior to Defendants' conduct as alleged herein.

65.     Defendants' use, advertisement, distribution, offer for sale and/or re-sale and sale and/or re-sale in commerce of its unauthorized product is likely to dilute the distinctive quality of the MY-THO Mark by both tarnishing Anhing's valuable reputation and blurring the distinctiveness of the famous MY-THO Mark, and is being done with the willful intent to trade upon the goodwill associated with Anhing's MY-THO Mark.

66.     Defendants' unauthorized use of the MỸ-THO mark on or in connection with unauthorized products is being done with notice and full knowledge that such advertisement, distribution, offer for sale and/or re-sale and sale and/or re-sale was not authorized or licensed by Anhing.

67.     Defendants' aforesaid acts are in knowing and willful violation of Anhing's rights in Section 43(c) of the Lanham Act, 15. U.S.C. § 1125(c).

68.     Anhing has no adequate remedy at law and, if Defendants' activities are not enjoined, Anhing will continue to suffer irreparable harm and injury to its goodwill and reputation.  Anhing is therefore entitled to injunctive relief pursuant to 15 U.S.C. Sections 1116 and 1125(c).

69.     As a result of Defendants' illegal activities, Anhing has been damaged in an amount to be determined at trial, and including the costs of this action. Furthermore, Anhing is entitled to recover treble damages and reasonable attorneys' fees.

### COUNT FIVE

### (Common Law Trademark Infringement)

### (Against All Defendants)

70.     Anhing realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-69 of this Complaint.

71.     Anhing has built up valuable goodwill in the MY-THO Mark.

826387_3

72.   With full knowledge of the fame of the MY-THO Mark, Defendants have traded, and continue to trade, on the goodwill associated with the MY-THO Mark, misleading the public into assuming a connection between Defendants' unauthorized product and Anhing.

73.   Defendants' acts of trademark infringement cause confusion and mislead and deceive the public as to the source of Defendants' unauthorized product, permit Defendants to pass off its unauthorized product as Anhing's product and falsely suggest a connection between Defendants and Anhing.  Unless restrained by this Court, this will continue, in violation of the common law of the State of California and to the detriment of Anhing and the unjust enrichment of Defendants.

74.   Defendants' acts of trademark infringement have caused and will continue to cause Anhing irreparable harm unless restrained by this Court.  Anhing is therefore entitled to injunctive relief.

75.   Anhing has no adequate remedy at law.

### COUNT SIX

**(California Trademark Dilution)**

**(California Business and Professions Code § 14335)**

**(Against All Defendants)**

76.   Anhing realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-75 of this Complaint.

77.   Defendant Thuan Phong has entered the same market as Plaintiff, and has started marketing goods that are lower in quality than Anhing's products under the same MỸ-THO mark to trade upon the goodwill of Plaintiff.

78.   Defendant Thuan Phong's above conduct has resulted in a decrease of Anhing's own MY-THO branded product sales.

79.   Defendants' acts have caused damage to Anhing by both tarnishing Anhing's valuable reputation and blurring the distinctiveness of the famous MY-THO Mark in violation of California Business and Professions Code § 14335, and will

826387_3

1   continue to tarnish and destroy the value of the MY-THO Mark unless enjoined by

2   this Court.  Anhing is entitled to injunctive relief.

3          80.    Anhing has no adequate remedy at law.

4                              **COUNT SEVEN**

5                     **(California State Unfair Competition)**

6        **(California Business and Professions Code §§ 17200 *et seq.*)**

7                          **(Against All Defendants)**

8          81.    Anhing realleges and incorporates by reference each and every allegation

9   contained in the preceding paragraphs 1-80 of this Complaint.

10         82.    California Business and Professional Code section 17200, *et seq.* (the

11  "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent

12  business act or practice.

13         83.    Defendants have committed acts of unfair competition as defined by the

14  UCL.  The aforesaid acts by Defendants are likely to cause injury to Anhing's

15  reputation and result in Defendants' unfairly competing with Anhing in violation of

16  the UCL.

17         84.    Defendants' actions as alleged above violate the "unfair" prong of the

18  UCL because (a) the utility of such actions is outweighed by the gravity of the harm

19  they cause to Anhing; (b) such actions are immoral, unethical, oppressive,

20  unscrupulous and substantially injurious to consumers; and (c) such action constitute

21  incipient violations of state and federal antitrust laws.

22         85.    Defendants' actions as alleged above violate the "fraudulent" prong of

23  the UCL because they are likely to mislead and confuse a statistically significant

24  percentage of reasonable consumers.

25         86.    Defendants' actions as alleged above violate the "unlawful" prong of the

26  UCL because those same actions also constitute violations of the state and federal

27  statutes set forth in the Counts above.   Defendants' violation of each of those statutes

28  represents an independently actionable unlawful business practice in violation of the

1 UCL.

2     87.    The UCL provides that the Court may restore to any person in interest

3 any money or property which may have been acquired by means of unfair

4 competition.

5     88.    As a direct and proximate result of the aforementioned acts by the

6 Defendants, Anhing has suffered a monetary loss in an amount to be proven at trial.

7 Accordingly, Anhing is entitled to restitution and/or disgorgement of profits realized

8 by Defendants by reason of Defendants' unlawful acts.

9     89.    Defendants' conduct has injured Anhing and unless enjoined, will

10 continue to cause great, immediate and irreparable injury to Anhing.

11     90.    Anhing is without an adequate remedy at law.

12     91.    Anhing is therefore entitled to injunctive relief, equitable relief, and an

13 order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to

14 California Business and Professions Code § 17203.

15                                  **PRAYER**

16     **WHEREFORE**, Anhing demands judgment:

17     1.    That Defendants, their officers, agents, servants, employees, attorneys,

18 confederated, and all persons acting for, with, by, through or under them be

19 preliminarily enjoined and restrained, at first during the pendency of this action and,

20 thereafter, permanently:

21         a.    from using in any manner the MỸ-THO mark, or any other

22 confusingly similar variant of Anhing's MY-THO Mark, alone or in combination with

23 any word or words which so resemble each said trademark as to be likely to cause

24 confusion, or to cause mistake or to deceive on or in connection with the advertising,

25 offering for sale or re-sale, sale or re-sale of any product not Anhing's  or not

26 authorized by Anhing to be sold or re-sold in connection with the MY-THO Mark;

27         b.    from passing off, inducing, or enabling others to sell or pass off

28 any product as and for products produced by Anhing, not Anhing's, or not produced

826387_3

1  under the control and supervision of Anhing and approved by Anhing for sale or re-

2  sale under the MỸ-THO mark or any other confusingly similar variant of Anhing's

3  MY-THO Mark;

4          c.     from committing any acts calculated to cause purchasers to believe

5  that Defendants' products are those sold under the control and supervision of Anhing,

6  or sponsored or approved by, or connected with, or guaranteed by, or produced under

7  the control and supervision of Anhing;

8          d.     from further diluting and infringing the MY-THO Mark and

9  distinctive trade dress and damaging Anhing's goodwill;

10          e.     from otherwise competing unfairly with Anhing;

11          f.     from ordering, receiving, shipping, delivering, distributing,

12  returning or otherwise disposing of, in any manner, products or inventory not

13  manufactured by or for Anhing, or authorized by Anhing to be sold or re-sold or

14  offered for sale or re-sale, and which bear the MY-THO mark and/or are sold in

15  similar product packaging as Anhing's products;

16       2.     That Defendants be required to immediately deliver up to Anhing any

17  and all products, labels, customer lists, packages, wrappers, depictions advertising,

18  promotional and other materials or documents in the possession of Defendants or

19  under their control relating to Anhing and/or relating or bearing the MỸ-THO mark or

20  any other confusingly similar variant of Anhing's MY-THO Mark alone or in

21  combination with any other words, or used in connection with the advertising,

22  offering for sale or re-sale or sale or re-sale of products obtained or purchased without

23  Anhing's authorization for the purposes of sale or re-sale.

24       3.     That Defendants be required upon service of this Complaint to

25  immediately supply Anhing with a complete list of entities and/or individuals from

26  whom they purchased and to whom they distributed and/or sold or re-sold any

27  products not authorized by Anhing to be sold or re-sold in connection with the MỸ-

28  THO mark or any other confusingly similar variant of Anhing's MY-THO Mark.

4.     That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve  upon Anhing a written report under oath with penalty of perjury setting forth in detail the manner in which Defendants have complied with paragraphs 1 through 3, above.

5.     That Defendants account for and pay over to Anhing profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of damages from infringement of the MY-THO Mark be increased by a sum not exceeding three times the amount thereof as provided by law.

6.     That Anhing be awarded statutory damages in an amount to be determined at trial for Defendants' willful counterfeiting of the MY-THO mark.

7.     That Anhing be awarded punitive damages in an amount to be proven at trial.

8.     That judgment be entered against Defendants pursuant to paragraphs 5 through 7 above in an amount not less than $5,000,000.

9.     That Anhing be awarded reasonable attorneys' fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth in 15 U.S.C. § 1117.

10.     That Defendants be ordered to disgorge all of their ill-gotten gains pursuant to California Business and Professions Code § 17203.

Dated:  July 17, 2013                          EZRA BRUTZKUS GUBNER LLP

By: _____
     JEFFREY A. KOBULNICK
     MARK D. BRUTZKUS
     JOSEPH M. ROTHBERG
   Attorneys for Plaintiff
   ANHING CORPORATION

826387_3

**JURY TRIAL DEMANDED**

Anhing Corporation hereby demands a trial by jury of all issues so triable.

Dated: July 17, 2013

EZRA BRUTZKUS GUBNER LLP

By: _____
    JEFFREY A. KOBULNICK
    MARK D. BRUTZKUS
    JOSEPH M. ROTHBERG
Attorneys for Plaintiff
ANHING CORPORATION

# EXHIBIT A

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 1,393,449
Registered May 13, 1986

### TRADEMARK
#### PRINCIPAL REGISTER

## MY-THO

ANHING CORPORATION (CALIFORNIA COR-
  PORATION)
418 NORTH AVE. 19
LOS ANGELES, CA 90031

FOR: RICE STICK AND RICE VERMICELLI,
IN CLASS 30 (U.S. CL. 46).

FIRST USE 10-17-1980;  IN COMMERCE
10-24-1980.

"MY-THO" HAS A DUAL MEANING IN THE
VIETNAMESE   LANGUAGE,   NAMELY
"BEAUTY AND LONGEVITY" AND "PRETTY
AUTUMN".
  SEC. 2(F).

SER. NO. 523,771, FILED 2-25-1985.

JESSIE N. MARSHALL, EXAMINING ATTOR-
NEY

# EXHIBIT B





INGREDIENTS: Rice, salt, Wate...
THANH PHẦN: Bột Gạo, Muối, Nước
成份: 米 盐 水

CARAVELLE ®

PACKED ... ANHING CORP.
L.A. CA 90031 TEL: (323) 221 8603

TL 0101 M

0  1807  36  1089  7  11  3

PRODUCT OF THAILAND
SẢN XUẤT TẠI THÁI LAN
泰國產品

## Nutrition Facts

Serving Size 30 g
Servings Per Container about 14

| Amount Per Serving | |
|---|---|
| Calories 118 | Calories from Fat 0 |
| | % Daily Value* |
| **Total Fat** 0g | 0% |
| Saturated Fat 0g | 0% |
| Trans Fat 0g | |
| **Cholesterol** 0mg | 0% |
| **Sodium** 5mg | 0.25% |
| **Total Carbohydrate** 28g | 9% |
| Dietary Fiber 0g | 0% |
| Sugars 0g | |
| **Protein** 2g | |

| | | | | |
|---|---|---|---|---|
| Vitamin A | 0% | • | Vitamin C | 0% |
| Calcium | 0% | • | Iron | 0% |

*Percent Daily Values are based on a
2,000 calorie diet

Collection Matter 1 Page 2

EXHIBIT C



# EXHIBIT D

Trademark Electronic Search System (TESS)

 **United States Patent and Trademark Office**

Home Site Index Search FAQ Glossary Guides Contacts eBusiness eBiz alerts News Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Jul 16 03:20:46 EDT 2013*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | BANH PHO MY THO, TUFOCO, RICE NOODLE, BAMBOO TREE, HIEU BA CAY TRE, PREPARATION ALIMENTAIRE A BASE DE FARINE DE RIZ |
| **Translations** | The English translation of "BANH PHO", "MY THO", "HIEU BA CAY TRE" and "PREPARATION ALIMENTAIRE A BASE DE FARINE DE RIZ" in the mark is "RICE NOODLE", "THE NAME OF THE TOWN WHERE THE GOODS ARE MANUFACTURED", "THREE BAMBOO TREES BRAND" and "FOOD PREPARATION CONTAINING RICE FLOUR". |
| **Goods and Services** | IC 030. US 046. G & S: Noodles; Rice noodles |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 05.03.25 - Leaf, single; Other leaves<br>24.09.07 - Advertising, banners; Banners<br>26.11.26 - Oblongs as carriers for words, letters or designs |
| **Serial Number** | 85150178 |
| **Filing Date** | October 12, 2010 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 19, 2011 |
| **Owner** | (APPLICANT) THUAN PHONG COMPANY LIMITED LIMITED LIABILITY COMPANY VIETNAM My Tho Industrial Zone, Trung An Commune My Tho Town VIETNAM |
| **Attorney of Record** | Otto O. Lee |
| **Prior Registrations** | 3526431 |

Trademark Electronic Search System (TESS)

| | |
|---|---|
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BANH PHO MY THO," "HIEU," "RICE NOODLE," AND "PREPARATION ALIMENTAIRE A BASE DE FARINE DE RIZ" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The color(s) green, blue, red is/are claimed as a feature of the mark. The mark consists of a rectangle and a line above in green, the words. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

http://tess2.uspto.gov/bin/showfield?f=doc&state...



## BÁNH PHỞ MỸ THO

TUFOCO

*Rice Noodle*



BAMBOO TREE

HIỆU BA CÂY TRE

PRÉPARATION ALIMENTAIRE À BASE DE FARINE DE RIZ

# EXHIBIT E

Trademark Electronic Search System (TESS)



**United States Patent and Trademark Office**

Home  Site Index  Search  FAQ  Glossary  Guides  Contacts  eBusiness  eBiz alerts  News  Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Tue Jul 16 03:20:46 EDT 2013

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |



| | |
|---|---|
| **Word Mark** | HU TIEU MY THO, TUFOCO, RICE NOODLE, BAMBOO TREE, HIEU BA CAY TRE, PREPARATION ALIMENTAIRE A BASE DE FARINE DE RIZ |
| **Translations** | The English translation of "HU TIEU", "MY THO", "HIEU BA CAY TRE" and "PREPARATION ALIMENTAIRE A BASE DE FARINE DE RIZ" in the mark is "RICE NOODLE", "THE NAME OF THE TOWN WHERE THE GOODS ARE MANUFACTURED", "THREE BAMBOO TREES BRAND" and "FOOD PREPARATION CONTAINING RICE FLOUR". |
| **Goods and Services** | IC 030. US 046. G & S: Noodles; Rice noodles |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 05.01.25 - Cypress tree; Other trees or bushes; Willow tree<br>24.09.07 - Advertising, banners; Banners<br>26.11.26 - Oblongs as carriers for words, letters or designs<br>28.01.03 - Asian characters; Chinese characters; Japanese characters |
| **Serial Number** | 85150192 |
| **Filing Date** | October 12, 2010 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | April 19, 2011 |
| **Owner** | (APPLICANT) THUAN PHONG COMPANY LIMITED LIMITED LIABILITY COMPANY VIETNAM My Tho Industrial Zone, Trung An Commune My Tho Town VIETNAM |
| **Attorney of Record** | Otto O. Lee |
| **Prior Registrations** | 3526431 |

Trademark Electronic Search System (TESS)

| | |
|---|---|
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HU TIEU MY THO," "HIEU," "RICE NOODLE," AND "PREPARATION ALIMENTAIRE A BASE DE FARINE DE RIZ" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The color(s) green, blue and red is/are claimed as a feature of the mark. The mark consists of a rectangle and a line above in green, the words "HU TIEU MY THO" in red with the word "TUFOCO" below in blue within an oval containing lines and other geometric figures and below that the words "RICE NOODLE" in red, the image of a bamboo tree below that in green with the words "BAMBOO TREE" within a green banner, below that the words "HIEU BA CAY TRE" set forth in green and below that the words "PREPARATION ALIMENTAIRE A BASE DE FARINE DE RIZ" within a green rectangle, a line and a rectangle below in green. The color white represents transparent areas and is not part of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



# HỦ TIẾU MỸ THO

TUFOCO

## Rice Noodle



BAMBOO TREE

## HIỆU BA CÂY TRE

PRÉPARATION ALIMENTAIRE À BASE DE FARINE DE RIZ



ORIGINAL

Name & Address:

Jeffrey A. Kobulnick, Esq. (SBN 228299)
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367   (818) 827-9000
(818) 827-9000

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ANHING CORPORATION, a California corporation, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV13-05167**-BRO (MAN) |
| v. | |
| THUAN PHONG COMPANY LIMITED, and DOES 1-10, | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): THUAN PHONG COMPANY LIMITED, and DOES 1-10,

A lawsuit has been filed against you.

Within 21 ____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Jeffrey A. Kobulnick, Esq. (SBN 228299)_____, whose address is 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: July 17, 2013 _____

By: _Marilyn Daun_____
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

COPY

Name & Address:
Jeffrey A. Kobulnick, Esq. (SBN 228299)
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367   (818) 827-9000
(818) 827-9000

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ANHING CORPORATION, a California corporation, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV13-05167-BRO (MANx) |
| v. | |
| THUAN PHONG COMPANY LIMITED, and DOES 1-10, | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): THUAN PHONG COMPANY LIMITED, and DOES 1-10,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Jeffrey A. Kobulnick, Esq.  (SBN 228299)_ , whose address is _21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367_ .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _July 17, 2013_

By: _____MARILYN D_____
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| ANHING CORPORATION | THUAN PHONG COMPANY LIMITED, and DOES 1-10 |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Jeffrey A. Kobulnick (SBN 228299)<br>EZRA BRUTZKUS GUBNER, LLP, 21650 Oxnard St., Ste 500<br>Woodland Hills, CA 91367 (818) 827-9000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Trademark Infringement-15 USC Sec. 1114

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV13-05167**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different Judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Vietnam |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: July 9, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Beverly Reid O'Connell and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV13- 5167 BRO (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.