## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER RE: DEFENDANT'S MOTION ON EQUITABLE DEFENSES [350], DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW [352], AND PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION [351]

### I.    INTRODUCTION

This trademark action proceeded to a jury trial and resulted in a verdict in favor of Plaintiff Anhing Corporation ("Anhing" or "Plaintiff"). Pending before the Court are three separate post-trial motions: (1) Defendant Thuan Phong Company Ltd.'s ("Thuan Phong" or "Defendant") Motion on Equitable Defenses; (2) Defendant's Motion for Judgment as a Matter of Law; and (3) Plaintiff's Motion for a Permanent Injunction. (Dkt. Nos. 350, 351, 352.) The Court held a hearing on these matters on July 20, 2015. For the reasons set forth below, Defendant's Motion on Equitable Defenses and Motion for Judgment as a Matter of Law are each **DENIED** in their entirety. Plaintiff's Motion for a Permanent Injunction is **GRANTED**, subject to the limitations described below.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

#### A. Plaintiff Anhing

Plaintiff imports and distributes a variety of food products, grocery products, and kitchen wares. (04/28/15 Tr. 113:23–25.) Its business includes both private label and manufacturer's brands. (*Id.* 114:1–4.) For the private label business, Plaintiff contracts with foreign manufacturers to produce goods and then brands the products with its own private label. (*Id.* 114:5–15.) Plaintiff's private label "MY-THO" brand is the subject of this dispute. Plaintiff developed the "MY-THO" brand around 1980 and has been selling

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-05167 BRO (MANx)** | | Date | July 24, 2015 |
|---|---|---|---|---|
| Title | **ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL.** | | | |

food products under the label for thirty-five years.  (*Id.* 115:4–5.)  The brand includes various rice products, such as rice papers and rice noodles.  (*Id.* 114:16–18, 115:23–116:1.)  Two of these products are depicted below.

**Plaintiff's Rice Papers**
**(Exhibit 61)**



**Plaintiff's Rice Noodles**
**(Exhibit 57)**



Plaintiff filed an application with the United States Patent and Trademark Office ("USPTO") to register "MY-THO" as a trademark on February, 25 1985.  (Ex. 146-1.)  The registration was granted on May 13, 1986 as Registration Number 1,393,449.  (Exs. 38, 146-1.)  The registration is for use on rice sticks and rice vermicelli, a type of rice noodle.  (Ex. 38.)  According to the registration, "MY-THO" has a dual meaning in Vietnamese of "beauty and longevity" and "pretty autumn."  (Ex. 38.)

The original packaging for Plaintiff's rice noodles used the words "MỸ-THO" (with a tilde) rather than "MY-THO" (without a tilde).  The specimen submitted in connection with Plaintiff's trademark registration included this original packaging.  (*See* Ex. 146-5.)  In 1991 or 1992, Plaintiff redesigned its rice noodle packaging.  (04/28/15 Tr. 139:9–19.)  The new packaging uses the "MY-THO" mark.  (Ex. 39.)  At some point,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | | Date | July 24, 2015 |
|---|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | | |

Plaintiff also began selling rice noodles in packaging with the words "MỸ-THO" accompanied by the trademark registration symbol ®.

### B. Defendant Thuan Phong

Pham Van Tu ("Mr. Van Tu"), Mai Van Nuoc ("Mr. Van Nuoc"), and Tran Nhu Son ("Mr. Nhu Son") established Thuan Phong in 2002. (04/30/15 Tr. 546:3–19.) The company began and continues to operate in the city of Mỹ Tho, Vietnam. (*Id.* 543:16–23.) The company's first and only product was rice paper, which Defendant sold under its "TUFOCO" logo. (*Id.* 547:3–21; *see also* Ex. 5.) The packaging features the phrase "BÁNH TRÁNG MỸ THO" in red lettering across the top and three green bamboo trees. The design has remained unchanged since 2002. (04/30/15 Tr. 549:24–550:1.)

Defendant began selling its rice papers in the United States in 2004. (Final Jury Instructions ("FJI") No. 14.)[1] In 2007, Defendant applied to the USPTO for a trademark for its rice paper products. (04/30/15 Tr. 557:15–17.) The mark and design "BÁNH TRÁNG MỸ THO TUFOCO DAC BIET DE LAM GOI CUON VA CHA GIO VIET NAM BAMBOO TREE HIEU BA CAY TRE VIETNAMESE RICE PAPER," Registration Number 3,526,431, was approved on November 4, 2008. (Ex. 107.)

In 2010, Defendant created a rice noodle product and has sold the product in the United States ever since. (04/30/15 Tr. 564:5–13; *see also* FJI No. 14.) Like the packaging for Defendant's rice papers, the packaging for Defendant's rice noodles bears the "TUFOCO" logo and three green bamboo trees. (*See* Ex. 1.) The packaging also states "BÁNH PHỞ MỸ THO" in bold red lettering across the top. (*See* Ex. 1.) As set forth in further detail below, Defendant eventually changed some of the wording on the rice noodle packaging in connection with this dispute. A depiction of Defendant's rice papers and rice noodles in their original packaging is included below.

---

[1] A copy of the final jury instructions is available at Docket No. 335-1.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

**Defendant's Rice Papers**
**(Exhibit 5)**

**Defendant's Original Rice Noodles**
**(Exhibit 1)**




### C. The Events Giving Rise to This Dispute

Plaintiff and Defendant began doing business together sometime in 2004. (04/28/15 Tr. 143:8–15.) The relationship began when Henry Ly ("Mr. Ly"), Plaintiff's original founder and president, visited a friend in Vietnam. (*Id.* 143:16–23.) The friend introduced Mr. Ly to Mr. Van Tu, and Mr. Ly and Mr. Van Tu agreed that Defendant would manufacture rice paper for Plaintiff's "White Elephant Brand" private label. (*Id.*143:18–144:10.)

Sometime in 2010, Plaintiff discovered Defendant was selling rice paper in the United States in packaging bearing the phrase "BÁNH TRÁNG MỸ THO." (*Id.* 148:6–149:4; *see also* Ex. 5.) Plaintiff believed the phrase read exactly like the label "BÁNH TRÁNG MỸ-THO" on its own rice paper products. (04/28/15 Tr. 149:5–8.) Plaintiff also learned Defendant was selling rice noodle products under the phrase "BÁNH PHỞ MỸ THO" and believed the product was confusingly similar to its own "BÁNH PHỞ MỸ-THO" rice noodle products. (*Id.* 152:23–153:12; *see also* Ex. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

Plaintiff contacted Defendant to try to resolve the issue and requested that the company cease using the words "MỸ THO" on its products. (04/28/15 Tr. 149:9–23; *see also* Ex. 133-2.) In response, Defendant maintained that the phrases "BÁNH PHỞ MỸ THO" and "HỦ TIẾU MỸ THO" did not designate the brand of Defendant's products, but rather communicated the fact that its products are produced in the city of Mỹ Tho, Vietnam. (*See* Ex. 132-2.) Nevertheless, Defendant agreed to discontinue the use of the phrases and indicated it would begin selling rice noodle products under the new names "BÁNH PHỞ SẢN XUẤT TẠI THÀNH PHỐ MỸ THO" and "HỦ TIẾU SẢN XUẤT TẠI THÀNH PHỐ MỸ THO." (*See* Ex. 132-2.)

These new names added prepositions to state more clearly in Vietnamese that Defendant's rice noodles are produced in the city of Mỹ Tho. (04/28/15 Tr. 152:17–22, 153:16–25.) Plaintiff was not satisfied with the proposed changes, however, because the geographic designations would still appear at the top of Defendant's packaging, with the words "MỸ THO" in bold red lettering and in the same font size as the rest of the words on the packaging. (*Id.* 154:2–10.) Defendant nevertheless refused to move the words "MỸ THO" to the bottom of its packaging. (*Id.* 154:6–15.) Additionally, Defendant did not change its rice paper packaging or add similar prepositional phrases. (Ex. 5.)

**Defendant's Old Rice Noodles**
**(Exhibit 1)**



**Defendant's New Rice Noodles**
**(Exhibit 2)**



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

## D. The Parties' Claims

Plaintiff initiated this lawsuit in July 2013.  (Dkt. No. 1.)  Plaintiff claims protection for its registered "MY-THO" trademark and seeks damages and permanent injunctive relief for infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*  Plaintiff also claims a protectable trademark in the unregistered mark "MỸ-THO" pursuant to California common law, as well as protectable trade dress for its rice noodle and rice paper packaging under the Lanham Act.

Defendant asserts various affirmative defenses, including statutory fair use under § 1115(b)(4) of the Lanham Act and the equitable defenses of laches and unclean hands.  Defendant also filed counterclaims for false registration and false advertising under the Lanham Act, as well as a counterclaim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*  Shortly before trial, the Court permitted the parties to submit a second set of cross motions for summary judgment, (*see* Dkt. Nos. 273, 274, 275, 277), and dismissed Defendant's false registration counterclaim and defense, (*see* Dkt. No. 304)  The fair use and equitable defenses remained, along with Defendant's counterclaims for false advertising and unfair competition.

## E. Procedural History

The case proceeded to a jury trial on the legal issues on April 28, 2015.  (Dkt. No. 321.)  The jury began deliberating on May 4, 2015, (Dkt. No. 327), and reached a unanimous verdict on May 5, 2015, (Dkt. No. 328).  The jury found Defendant willfully infringed on the registered "MY-THO" mark, and that Defendant had not engaged in a fair use.  (Special Verdict Form ("SVF") Questions 1, 4, 6.)[2]  On Plaintiff's common law trademark infringement claim, the jury found Plaintiff had not proved ownership of a valid trademark in "MỸ-THO."  (SVF Question 2.)  With respect to Plaintiff's claim for trade dress infringement, the jury found Plaintiff owns a valid trade dress in its product packaging, but that Defendant's packaging is not likely to cause consumer confusion.  (SVF Questions 8, 9.)  The jury also found in Plaintiff's favor on Defendant's

---

[2] A copy of the redacted verdict form is available at Docket No. 330, and the unredacted form is available at Docket No. 339.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | | Date | July 24, 2015 |
|---|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | | |

counterclaim for false advertising.  (SVF Question 15.)  Those portions of the verdict directly relevant to the instant motions are set forth below:

Question 1: Do you find that Plaintiff proved by a preponderance of the evidence that Defendant's use of "MỸ THO" has caused a likelihood of confusion with Plaintiff's registered "MY-THO" mark?

Answer: Yes.

Question 2: Do you find that Plaintiff proved by a preponderance of the evidence that it owns a valid trademark in the "MỸ-THO" mark?

Answer: No.

. . .

Question 4: Do you find that Defendant proved by a preponderance of the evidence that it engaged in a fair use of "MỸ THO"?

Answer: No.

. . .

Question 6: If you answered "Yes" to Question 1 and/or 3, do you find that Defendant acted willfully in using "MỸ THO"?

Answer: Yes.

. . .

Question 15: Do you find that Defendant proved by a preponderance of the evidence that Plaintiff engaged in false advertising?

Answer: No.

(*See* SVF.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

Certain equitable issues remain for the Court's determination. These include the affirmative defenses of laches and unclean hands, Defendant's counterclaim under the UCL, and Plaintiff's request for a permanent injunction. The parties submitted post-trial motions on the equitable defenses and injunction on May 26, 2015. (Dkt. Nos. 350, 351.) Defendant has also moved for judgment as a matter of law on the basis that the trial evidence does not support the jury's findings on the issues of fair use, willfulness, likelihood of confusion, and damages. (Dkt. No. 352.) Defendant also seeks judgment in its favor on its remaining UCL counterclaim. (*Id.*)

## III. LEGAL STANDARD

### A. Post-Trial Equitable Relief

The Seventh Amendment to the United States Constitution preserves the right to a jury trial for legal claims but not for equitable claims. *See* U.S. Const. amend. VII; *see also Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001). Where the parties assert equitable and legal claims in a single action, the right to a jury trial on the legal issues may not be impaired "either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). "Thus, where there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'" *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) (alteration in original) (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)).

In resolving equitable issues after a jury trial, a district court may not disregard a jury's factual findings without running afoul of the Seventh Amendment. *See L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) ("This court has held that 'it would be a violation of the [S]eventh [A]mendment right to jury trial for the court to disregard a jury's finding of fact.'" (quoting *Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991))). The prohibition applies most acutely where legal and equitable claims are based upon the same set of facts. *Id.* In such cases, the court must "follow the jury's implicit or explicit factual determinations" on the legal issues in ruling on the remaining equitable issues. *Id.* (citing *Miller v. Fairchild Indus.*, 885 F.2d 498, 507 (9th Cir. 1989)) (internal quotation marks omitted).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | | Date | July 24, 2015 |
|---|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | | |

### B. Judgment as a Matter of Law Under Federal Rule of Civil Procedure 50

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law.  To challenge the sufficiency of the evidence supporting a verdict in a civil case, a party must make two separate Rule 50 motions.  *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007).  First, the challenging party must move for judgment as a matter of law under Rule 50(a) before the case is submitted to the jury.  *Id.* (citing cases); *see also* Fed. R. Civ. P. 50(a)(2).  Second, the party must file a renewed motion for judgment as a matter of law under Rule 50(b) after either the entry of judgment or the jury is discharged.  *Nitco Holding*, 491 F.3d at 1089; *see also* Fed. R. Civ. P. 50(b).

"A party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion."  *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).  The Ninth Circuit has explained that this rule of limitation serves two purposes.  "First it preserves the sufficiency of the evidence as a question of law, allowing the district court to review its initial denial of judgment as a matter of law instead of forcing it to 'engage in an impermissible reexamination of facts found by the jury.'"  *Id.* (quoting *Lifshitz v. Walter Drake & Sons*, 806 F.2d 1426, 1428–29 (9th Cir. 1986)).  Second, the rule ensures that the court and parties are put on notice of any alleged evidentiary deficiencies "at a time when the opposing party still has an opportunity to correct them."  *Id.*

In reviewing a motion for judgment as a matter of law, a district court "may not make credibility determinations or weigh the evidence."  *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)) (internal quotation marks omitted).  The court must "view the evidence in the light most favorable to the nonmoving party" and "draw all reasonable inferences in that party's favor."  *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2005).  "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."  *Id.*  The jury's verdict is reviewed for substantial evidence, *see Go Daddy Software*, 581 F.3d at 961, and the court "may not substitute its view of the evidence for that of the jury," *Krechman v. Cnty. of Riverside*, 723 F.3d 1104, 1110 (9th Cir. 2013) (internal quotation marks omitted).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|----------|------------------------|------|---------------|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

### C. Permanent Injunction

The Lanham Act "vests the district court with the power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the trademark owner." *Perfumebay.com, Inc. v. eBay, Inc.*, 506 F.3d 1165, 1176–77 (9th Cir. 2007) (internal quotation marks omitted); *see also* 15 U.S.C. § 1116(a). A party seeking permanent injunctive relief in a trademark action must satisfy the following four-factor test set forth by the United States Supreme Court in *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006):

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

A district court may not assume irreparable harm merely upon a showing of infringement. *See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 57 (2014). Rather, the party seeking an injunction must demonstrate actual irreparable injury. *Id.*; *see also Reno Air Racing Ass'n, Inc., v. McCord*, 452 F.3d 1126, 1137–38 (9th Cir. 2006). District courts have broad discretion in determining whether to grant or deny permanent injunctive relief and should be guided by traditional principles of equity. *eBay, Inc.*, 547 U.S. at 391.

## IV. DISCUSSION

### A. Defendant's Motion on Equitable Defenses

Defendant contends Plaintiff's delay in initiating this lawsuit and unclean hands bar both its claims under the Lanham Act and its right to permanent injunctive relief. With respect to the defense of laches, Defendant maintains Plaintiff knew about the potential for infringement as early as 2004, when one of Plaintiff's representatives visited Defendant's factory, and yet failed to file suit until July 2013. Defendant asserts three bases for a finding of unclean hands. First, Defendant argues Plaintiff improperly affixed a trademark registration symbol ® on products not disclosed in its registration for the

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

"MY-THO" mark, as well as next to the unregistered mark "MỸ-THO."  Second, Defendant asserts Plaintiff's use of "MY-THO" and "MỸ-THO" amounts to a false and misleading statement that its products are produced in Mỹ Tho, Vietnam.  Finally, Defendant maintains, as it has throughout this litigation, that Plaintiff made material misstatements to the USPTO and acted inequitably in registering the "MY-THO" mark.

### 1. Laches

Laches is a well-established defense to claims under the Lanham Act.  *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002).  The defense is "an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights."  *Id.* (internal quotation marks and citations omitted).  A defendant asserting laches must prove both of the following: (1) that the plaintiff's delay in filing suit was unreasonable, and (2) that the defendant will suffer prejudice from the delay.  *Id.* at 838; *Danjaq*, 263 F.3d at 951.

Resolution of the first element, which considers whether the plaintiff unreasonably delayed, depends upon a two-step inquiry.  *Jarrow Formulas*, 304 F.3d at 838.  First, a court must consider the length of the delay, "measured from the time the plaintiff knew or should have known about its potential cause of action."  *Id.*  Second, a court must consider whether the delay was reasonable.  *Id.*  If the plaintiff files suit within the analogous statute of limitations period, there is a presumption that laches does not apply. *Id.*  But "the presumption is reversed if the plaintiff files suit after the analogous limitations period has expired."  *Id.*  Where the limitations period has expired and a presumption of laches applies, a court must consider the following six factors in determining whether the delay was reasonable:

> (1) [the] strength and value of the trademark rights asserted; (2) [the] plaintiff's diligence in enforcing [the] mark; (3) harm to [the] senior user if relief is denied; (4) good faith ignorance by [the] junior user; (5) competition between [the] senior and junior users; and (6) [the] extent of harm suffered by the junior user because of [the] senior user's delay.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | | Date | July 24, 2015 |
|---|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | | |

*Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*, 465 F.3d 1102, 1108 (9th Cir. 2006); *see also La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 878 (9th Cir. 2014).

The second element requires a showing of prejudice. *Jarrow Formulas*, 304 F.3d at 838. The Ninth Circuit recognizes "two chief forms of prejudice in the laches context—evidentiary and expectations-based." *See Danjaq*, 263 F.3d at 955. Evidentiary prejudice may be shown when documents have been "lost, stale[d], or degrade[d]," or when witnesses have lost their memory of the relevant events or died. *Id.* Expectations-based prejudice may be shown when a defendant "took actions or suffered consequences that it would not have" had the plaintiff timely filed suit. *Id.* Regardless, the plaintiff's delay must cause the prejudice; prejudice resulting from a ruling in the plaintiff's favor is insufficient to support a laches defense. *La Quinta*, 762 F.3d at 879.

### a. Willful Infringement Exception

Although laches generally applies to trademark actions, there is an exception in cases of willful infringement. *See Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) ("The doctrine of laches does not apply in cases of willful infringement."); *Danjaq*, 263 F.3d at 956 ("[L]aches does not bar a suit against a deliberate infringer."); *see also* J. Thomas McCarthy, 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:9 (4th ed.) (hereinafter 6 MCCARTHY) (discussing the general rule that laches is not a defense to deliberate and knowing trademark infringement). The reasons for this exception are threefold. First, in such cases the plaintiff's delay in filing suit is outweighed by the public's right not to be confused. *See* 6 MCCARTHY § 31:9. Second, deliberate infringers come to the court with "unclean hands" and therefore cannot claim the equitable defense of laches. *See Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir. 2000) ("This good-faith component of the laches doctrine is part of the fundamental principle that 'he who comes into equity must come with clean hands.'"). Finally, some courts find that a deliberate infringer cannot show reliance on the plaintiff's failure to timely file suit. 6 MCCARTHY § 31:9 (citing *My-T Fine Corp. v. Samuels*, 69 F.2d 76, 77–78 (2d Cir. 1934)).

Courts applying the willful infringement exception have phrased its standard variously. For example, the Second Circuit has found that laches does not apply where a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

defendant intends to cause consumer confusion, *see Harley Davidson, Inc. v. Grottanelli*, 164 F.3d 806, 813 (2d Cir. 1999), whereas the Fifth Circuit has required a showing that the defendant "employed the allegedly infringing mark with the wrongful intent of capitalizing on its goodwill," *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 150 (5th Cir. 1985). The Seventh Circuit has required a showing of the defendant's unclean hands before applying the exception, requiring "willful, egregious, or unconscionable conduct or bad faith . . . directly bearing on the availability of an equitable remedy such as laches." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 826 (7th Cir. 1999).

The Ninth Circuit has long applied the willful infringement exception in trademark actions. *See, e.g.*, *Nat'l Lead Co. v. Wolfe*, 223 F.2d 195, 202 (9th Cir. 1955) ("The attempted proof of laches is too trivial to require serious consideration. In the light of the intentional and fraudulent use of appellant's trade mark, the defense here is a frivolous one."); *see also Menendez v. Holt*, 128 U.S. 514, 523–25 (1888) (finding the plaintiff's delay in filing suit could bar damages for prior infringement but not injunctive relief where the defendant intentionally infringed on the mark). In *Danjaq*, the Ninth Circuit affirmed that the exception "remains the law of this circuit" but declined to "impos[e] wholesale a new set of standards" to govern its application. *See* 263 F.3d at 957. Instead, the court imported the Copyright Act's definition of "willful infringement." *Id.* Thus, at least in the copyright context, the term "willful" for purposes of the exception "refers to conduct that occurs 'with knowledge that the defendant's conduct constitutes copyright infringement.'" *Id.* at 957–58.

Post-*Danjaq*, at least two other district courts in the Ninth Circuit have applied its standard to trademark infringement actions. *See Fitbug Ltd. v. Fitbit, Inc.*, No. CV 13–01418 SC, 2015 WL 350923, at *10 (N.D. Cal. Jan. 26, 2015); *FLIR Sys., Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184, 1210 (D. Or. 2013). The parties apparently agree that *Danjaq*'s standard applies here. (*See* Opp'n to Mot. on Equitable Def. at 15–17; *see also* Reply to Mot. on Equitable Def. at 10.) The willful infringement exception therefore bars a laches defense here if Defendant acted "with knowledge that [its] conduct constitute[d] [trademark] infringement." *Danjaq*, 263 F.3d at 957–58.

Plaintiff argues the jury made an express finding of willful infringement and that this finding bars the defense of laches. Defendant asserts the jury made no such finding, arguing that the jury found only "willful use." The Court agrees with Defendant that, in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

theory, the difference "is not a hyper-technicality." Nevertheless, in this case the jury's verdict clearly reflects a finding of willful infringement.

The jury's answers to Questions 1 and 6 of the special verdict form are telling:

Question 1: Do you find that Plaintiff proved by a preponderance of the evidence that Defendant's use of "MỸ THO" has caused a likelihood of confusion with Plaintiff's registered "MY-THO" mark?

Answer: Yes.

. . .

Question 6: If you answered "Yes" to Question 1 and/or 3, do you find that Defendant acted willfully in using "MỸ THO"?

Answer: Yes.[3]

(SVF Questions 1, 6.) Instruction Number 33 of the final jury instructions is also relevant. It stated the following:

If you find that Defendant infringed Plaintiff's trademark or trade dress, you must also determine whether Defendant used the trademark or trade dress intentionally, knowing it was an infringement. Willful infringement carries a connotation of deliberate intent to deceive.

(FJI No. 33.)

Defendant argues that because Question 6 of the special verdict form only asked whether Defendant "acted willfully in using" the phrase "MỸ THO," the jury did not find Defendant willfully infringed, "knowing it was an infringement." But this argument overlooks the clear import of Instruction Number 33. The instruction informed the jury that willful infringement requires a defendant's knowledge its use is infringing. Thus, the

---

[3] Question 3 asked whether Defendant's use of "MỸ THO" caused a likelihood of confusion with the unregistered mark "MỸ-THO." (SVF Question 3.) Because the jury found Plaintiff does not own a valid trademark in "MỸ-THO," (SVF Question 2), the jury properly declined to answer Question 3.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

jury's finding that Defendant "acted willfully in using 'MỸ THO'" is equivalent to a finding that Defendant used "MỸ THO" intentionally, knowing it was an infringement. This is sufficient to invoke the willful infringement exception to the defense of laches. *See Danjaq*, 263 F.3d at 957–58.

Instruction Numbers 34 and 35, along with Question 7 of the special verdict form, confirm the jury's understanding that the phrase "acted willfully in using 'MỸ THO'" as used in Question 6 meant willful infringement. Instruction Number 34 began: "If you find that Defendant willfully infringed Plaintiff's trademark or trade dress, then Plaintiff is entitled to any profits earned by Defendant that are attributable to the infringement, and which Plaintiff proves by a preponderance of the evidence." (FJI No. 34.) Instruction Number 35 stated: "If you find no evidence that Defendant willfully infringed Plaintiff's trademark, an accounting of Defendant's profits is not warranted." (FJI No. 35.) In response to Question 7, which asked the jury to "state the amount of profits earned by Defendant that are attributable to the infringement, if any," the jury awarded $8,690.52. (SVF Question 7.) Because an instruction after Question 6 required the jury to skip Question 7 if it found Defendant did *not* act willfully in using "MỸ THO," the jury could only award profits if it found Defendant willfully infringed.

Accordingly, the jury's answer to Question 6 reflects its finding that Defendant intentionally or willfully infringed on Plaintiff's registered "MY-THO" trademark, "knowing it was an infringement." In determining whether laches applies, the Court must follow this factual finding. *See L.A. Police Protective League*, 995 F.2d at 1473. As the finding is sufficient to invoke the willfulness exception, *see Danjaq*, 263 F.3d at 957–58, Defendant's laches defense must fail.[4]

### b. Defendant Has Not Shown It Suffered Prejudice

Even assuming the jury did not find willful infringement and the willfulness exception did not apply, Defendant's laches defense fails because Defendant has not demonstrated prejudice. As indicated above, the applicability of the defense depends

---

[4] Defendant challenges whether the evidence supports a finding of willful infringement in its Rule 50(b) motion. But as discussed in further detail below, the evidence adduced at trial was sufficient. The Court therefore accepts and adopts the jury's finding of willful infringement in concluding that the willfulness exception bars a laches defense in this case.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

upon a two-step inquiry. The first step requires a determination as to whether the limitations period expired before the plaintiff filed suit. *Jarrow Formulas*, 304 F.3d at 838. If it has, a court must consider whether the plaintiff's delay was unreasonable in light of a variety of factors. *La Quinta*, 762 F.3d at 878. The second step requires a showing of prejudice. *Jarrow Formulas*, 304 F.3d at 838.

Plaintiff did not initiate this action until July 2013. The parties dispute when Plaintiff should have known Defendant was potentially infringing on its "MY-THO" mark and, accordingly, when the limitations period began to run. (*Compare* Mot. on Equitable Def. at 17–19, *with* Opp'n to Mot. on Equitable Def. at 17–18.) The parties also dispute whether the applicable limitations period is three or four years. (*Compare* Mot. on Equitable Def. at 19–20, *with* Opp'n to Mot. on Equitable Def. at 18.) The Court need not resolves these disputes, however, because even assuming Plaintiff initiated suit after the limitations period expired and a presumption of laches applies, Defendant has not made the requisite showing of prejudice to support this defense.

Prejudice may be evidence- or expectation-based. *Danjaq*, 263 F.3d at 955. Here, Defendant has offered no evidence or arguments to support a finding of evidence-based prejudice. For example, Defendant does not argue or suggest that its trial defense was inhibited by the loss or deterioration of documents or witnesses' memories.

Defendant's arguments in favor of expectations-based prejudice are unpersuasive. Defendant first argues it expanded its product line and grew its business in reliance on the understanding Plaintiff would not object to its use of "MỸ THO" to describe the geographic source of its products. This argument does not demonstrate prejudice, as Defendant maintains it used "MỸ THO" not for a trademark purpose to indicate the source of its goods, but rather as an "information statement" to convey that its products are produced in Mỹ Tho city. Any delay in filing suit therefore could not have injured Defendant's brand or reputation; by Defendant's own averment, its use of "MỸ THO" did not serve a source-identifying purpose or establish any consumer goodwill. Thus, to the extent Defendant developed and sold additional products under the phrase "MỸ THO" between the time Plaintiff learned of the infringement and the time Plaintiff filed suit, the delay could not have harmed Defendant's product line or business. Under Defendant's own logic, its use of "MỸ THO" did not add value to either.

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

Defendant also argues it will suffer prejudice if it is prohibited in the future from indicating its products are made in Mỹ Tho, Vietnam. This argument essentially asserts that the jury's finding of infringement will cause Defendant prejudice. The Ninth Circuit rejected a similar argument in *La Quinta*, explaining that "the question is not whether [a particular] ruling prejudiced [the defendant], but rather whether [the plaintiff's] alleged 'unreasonable delay in filing suit' did so." 762 F.3d at 879. Accordingly, any harm or injury to Defendant's business resulting from the jury's finding of infringement is insufficient to support a laches defense.

In sum, the defense of laches does not apply here based upon the jury's finding of willful infringement. As an alternative basis for rejecting the defense, the Court finds that Defendant has not made the requisite showing of prejudice. Laches therefore provides no basis for reducing the damages verdict or denying Plaintiff's request for a permanent injunction.

## 2. Unclean Hands

Defendant also asserts the equitable defense of unclean hands, arguing that Plaintiff's inequitable conduct bars its claims under the Lanham Act and precludes its right to permanent injunctive relief. (Mot. on Equitable Def. at 1–3, 16–17.) As indicated above, Defendant identifies three separate bases for a finding of unclean hands. The first relates to Plaintiff's use of the trademark registration symbol ®. Defendant maintains Plaintiff improperly used the ® symbol on rice products not disclosed in its registration for the "MY-THO" trademark and next to the unregistered "MỸ-THO" mark. (*Id.* at 5–12.) Defendant also asserts Plaintiff's use of "MY-THO" and "MỸ-THO" is geographically misleading. (*Id.* at 12–14.) Finally, Defendant argues Plaintiff acted inequitably in procuring the registration for the "MY-THO" mark. (*Id.* at 14–16.)

Unclean hands is a defense to claims of infringement under the Lanham Act. *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987). Like laches, unclean hands is an equitable doctrine and derives from the maxim that "one tainted with inequitableness or bad faith relative to the matter in which he seeks relief" should not be rewarded, "however improper may have been the behavior of the defendant." *See Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

(1945)) (internal quotation marks omitted). "The doctrine bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." *Dollar Sys.*, 890 F.2d at 173.

To prevail on a defense of unclean hands, a defendant must demonstrate (1) "that the plaintiff's conduct is inequitable," and (2) "that the conduct relates to the subject matter of [the plaintiff's] claims." *Fuddruckers*, 826 F.2d at 847. With respect to the first requirement, a defendant need not show that the conduct was illegal or criminal. Any "willful act" that "can be said to transgress equitable standards of conduct" is sufficient. 6 MCCARTHY § 31:46 (citing *Precision Instrument*, 324 U.S. at 815).

The second requirement is more nuanced. Although precise similarity between the plaintiff's inequitable conduct and the plaintiff's claims is not required, the misconduct "must be 'relative to the matter in which [the plaintiff] seeks relief.'" *Pom Wonderful LLC v. Welch Foods, Inc.*, 737 F. Supp. 2d 1105, 1110 (C.D. Cal. 2010) (alteration in original) (quoting *Precision Instrument*, 324 U.S. at 814). The relevant inquiry "is not [whether] the plaintiff's hands are dirty, but [whether] he dirtied them in acquiring the right he now asserts." *Ellenburg*, 763 F.2d at 1097 (internal quotation marks omitted); *see also Dollar Sys.*, 890 F.2d at 173 ("It is fundamental to [the] operation of the doctrine that the alleged misconduct by the plaintiff relate directly to the transaction concerning which the complaint is made."). "Factual similarity between the misconduct that forms the basis for an unclean hands defense and the plaintiff's allegations in the lawsuit is not sufficient. Rather, the misconduct . . . [must be] directly related to plaintiff's use or acquisition of the right in suit." *Pom Wonderful*, 737 F. Supp. 2d at 1110 (alteration in original) (internal citations and quotation marks omitted). In a trademark case, the plaintiff's misconduct "must directly relate to the trademark that is the subject matter of the lawsuit." 6 MCCARTHY § 31:49.

### a. Whether Plaintiff's Use of the ® Symbol Amounts to Unclean Hands

Defendant's first argument in support of its unclean hands defense relates to Plaintiff's use of the trademark registration symbol ®. Defendant primarily challenges Plaintiff's use of the ® symbol in connection with its unregistered "MỸ-THO" mark.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

Defendant also contends Plaintiff improperly used the ® symbol on rice products not identified in its registration for "MY-THO." (Mot. on Equitable Def. at 5–12.)

Defendant's challenge to Plaintiff's use of the ® symbol next to the unregistered "MỸ-THO" mark disregards the unclean hands doctrine's second requirement. To invoke the doctrine, Defendant must point to conduct directly related to Plaintiff's "use or acquisition of the right in suit." *Pom Wonderful*, 737 F. Supp. 2d at 1110. Although Plaintiff asserted trademark rights to both "MY-THO" and "MỸ-THO," the jury found in Plaintiff's favor only with respect to "MY-THO." (*See* SVF Questions 1–7.) Plaintiff's damages and any potential right to a permanent injunction are therefore based on the "MY-THO" mark alone. To deny this relief under the doctrine of unclean hands, Defendant must identify inequitable conduct directly related to "MY-THO." *See Pom Wonderful*, 737 F. Supp. 2d at 1110. Plaintiff's conduct with respect to "MỸ-THO" is therefore inapposite.[5]

Additionally, the cases Defendant relies upon are distinguishable. For example, Defendant cites to *Urecal Corp. v. Masters*, 413 F. Supp. 873 (N.D. Ill. 1976) and *Fox-Stanley Photo Products, Inc. v. Otaguro*, 339 F. Supp. 1293, 1295 (D. Mass. 1972) to support its argument that use of the ® symbol in connection with an unregistered mark is inequitable. Neither case involves facts similar to those here—that is, neither addresses the issue of a plaintiff's use of the ® symbol in connection with an unregistered mark that looks substantially similar to a registered mark. As the unclean hands defense requires a weighing of all the relevant circumstances, these cases are of little help here.

Defendant also cites to *L.F. Gaubert & Co. v. Institute of Electrical & Electronics Engineers, Inc.*, 563 F. Supp. 122, 128 (E.D. La. 1983) for the notion that even an unintentional misuse of the ® symbol resulting from careless disregard may be sufficient to invoke the unclean hands doctrine. Yet Defendant does not attempt to reconcile this

---

[5] Defendant cites to *Straus v. Notaseme Hosiery Co.*, 240 U.S. 179 (1916) in an attempt to avoid this conclusion. The decision, however, provides no basis for a contrary result. Although the case involved a plaintiff's use of the ® symbol in connection with a mark for which registration had been refused, *see id.* at 180, the case did not involve the doctrine of unclean hands. The Court reversed an award of profits not because the plaintiff acted so inequitably as to bar relief, but because there was insufficient evidence the defendants profited from an association with the plaintiff's goods. *Id.* at 183. Notably, the Court found that the defendants "properly were enjoined from further use of the mark." *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|----------|------------------------|------|---------------|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

notion with Ninth Circuit authority requiring a heightened level of culpability on the part of the plaintiff. *See, e.g.*, *Dollar Sys.*, 890 F.2d at 173 ("Bad intent is the essence of the defense."). Some evidence suggests Plaintiff's use of the ® symbol was not inadvertent. Notably, although Ms. Yau testified that Plaintiff did not intend to place the ® symbol next to "MỸ-THO" and that the placement resulted from a manufacturer's mistake, (*see* 04/28/15 Tr. 147:14–148:5; *see also* Ex. 61), the fact the symbol remained on Plaintiff's products for as much as three years before Plaintiff initiated this lawsuit undermines her testimony that the symbol appeared inadvertently.

In short, Plaintiff's conduct does not appear entirely blameless. But Plaintiff's conduct cannot be considered in isolation. As the Ninth Circuit has explained,

> Unclean hands . . . does not stand as a defense that may be properly considered independent of the merits of the plaintiff's claim . . . . In the interests of right and justice the court should not automatically condone the defendant's infractions because the plaintiff is also blameworthy, thereby leaving two wrongs unremedied and increasing the injury to the public. Rather[,] the court must weigh the substance of the right asserted by plaintiff against the transgression which, it is contended, serves to foreclose that right. The relative extent of each party's wrong upon the other and upon the public should be taken into account, and an equitable balance struck. The ultimate decision is whether the deception actually caused by plaintiff as compared with the trading methods of the defendant warrant punishment of the plaintiff rather than of the defendant.

*Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347, 350 (9th Cir. 1963) (internal citations and quotation marks omitted). Here, the Court has considered the balance of equities and finds Plaintiff's use of the ® symbol in connection with "MỸ-THO" insufficient to bar its claims. The evidence could support a finding of mistake or negligence, and Defendant offered no evidence it suffered harm or that consumers were confused as a result of Plaintiff's misapplication of the ® symbol. Given the jury's finding that Defendant's willful use of "MỸ THO" is likely to cause confusion with the "MY-THO" mark, the public interest weighs against a finding of unclean hands.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

### b. Whether Plaintiff's Use of "MY-THO" and "MỸ THO" Is Geographically Deceptive

Defendant also argues "MY-THO" and "MỸ-THO" are geographically misleading. (Mot. on Equitable Def. at 12–14.)  Defendant's argument with respect to the registered mark "MY-THO" is based upon a flawed premise.  According to Defendant, the jury found that the city of Mỹ Tho is confusingly similar to "MY-THO," such that Plaintiff should not be permitted to use the mark.  (*See id.* at 14.)  But the jury made no such finding.  Rather, the jury found Defendant's use of "MỸ THO" to be a trademark use confusingly similar to "MY-THO."  (*See* SVF Question 1.)  Neither the verdict nor the evidence suggests "MY-THO" is misleading or deceptive as to geographic source.

Defendant's argument with respect to "MỸ-THO" also fails for a reason already discussed.  As set forth above, Defendant must point to conduct directly related to Plaintiff's "use or acquisition of the right in suit."  *Pom Wonderful*, 737 F. Supp. 2d at 1110.  The "right in suit" upon which Defendant wishes to deny relief is Plaintiff's right to "MY-THO."  Thus, whether "MỸ-THO" is understood as a geographical reference is irrelevant.  Plaintiff's use of "MỸ-THO" is not directly related to "MY-THO" and therefore fails to satisfy the second requirement for the doctrine of unclean hands.

Even assuming the connection between "MỸ-THO" and "MY-THO" was not too tenuous to support an unclean hands defense, the Court would still decline to invoke the doctrine because the evidence does not clearly demonstrate Plaintiff used the "MỸ-THO" mark in a geographically deceptive manner.  A mark is geographically misdescriptive if "(1) the mark's primary significance is a generally known geographic location; and (2) consumers would reasonably believe the [marked] goods are connected with the geographic location in the mark, when in fact they are not."  *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 871 (9th Cir. 2002) (alteration in original) (quoting *In re Save Venice New York, Inc.*, 259 F.3d 1346, 1352 (Fed. Cir. 2001)) (internal quotation marks omitted).  In determining whether a mark is misdescriptive, the mark should not be viewed in isolation.  *Id.* (citing *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1147–51 (9th Cir. 1999)).  Thus, "[u]sing the name of a country in a trade name does not automatically make the trade name geographically descriptive; instead, [a court] must look to whether consumers would reasonably believe that the term is being used geographically."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

The trial evidence clearly established that all of Plaintiff's "MY-THO" and "MỸ-THO" branded products are made in Thailand, not Mỹ Tho. (04/28/15 Tr. 170:9–12.) But the parties presented conflicting evidence regarding the meaning of the phrases displayed on Plaintiff's packaging, namely "BÁHN TRÁNG MỸ-THO" and "BÁNH PHỞ MỸ-THO." Although some evidence suggests the use of "MỸ-THO" in these phrases refers to Mỹ Tho city, other evidence suggests the use is a pure trademark use and refers exclusively to Plaintiff's "MY-THO" brand. On balance, Defendant did not offer persuasive evidence to show that the mark's "primary significance" is to refer to the city of Mỹ Tho.

Moreover, Defendant did not offer clear evidence that consumers reasonably believe Plaintiff's products refer to the city of Mỹ Tho. Certainly, the evidence suggesting "BÁHN TRÁNG MỸ-THO" and "BÁNH PHỞ MỸ-THO" mean rice papers and rice noodles from Mỹ Tho is circumstantial evidence to support such a finding. But Defendant offered no direct evidence that any customers were actually confused about the geographic origin of Plaintiff's rice products. To the contrary, Ms. Yau and Mr. Hua's testimony indicate that no consumers experienced such confusion. (*See* 04/28/15 170:4–8; *see also* 04/29/15 Tr. 391:18–20.) That Plaintiff's products all state they are produced in Thailand substantiates these testimonies.

In sum, Defendant bears the burden of demonstrating Plaintiff used the "MỸ-THO" mark to deceive consumers. *See Japan Telecom*, 287 F.3d at 870. Defendant has failed to meet this burden. With no direct evidence of consumer confusion, Defendant's case for unclean hands rests on circumstantial evidence in the form of conflicting testimonies as to the meaning of various phrases on Plaintiff's packaging. In light of Ms. Yau and Mr. Hua's testimonies, and the fact that Plaintiff's products all clearly state they are produced in Thailand, Defendant's evidence falls short of establishing reasonable confusion as to the geographic source of Plaintiff's goods.

### c.  Whether Plaintiff Acted Inequitably in Registering "MY-THO"

Finally, Defendant maintains Plaintiff's failure to disclose the existence of Mỹ Tho city in its trademark registration application amounts to unclean hands. (Mot. on Equitable Def. at 14–16.) Defendant has raised a similar argument throughout this litigation in its counterclaim and affirmative defense of fraud on the USPTO. In a series

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

of pre-trial motions, the Court rejected the argument, finding Defendant's allegations conclusory and unsupported. (Dkt. Nos. 46 at 8–9, 155 at 7.) Most recently, in ruling on the parties' second set of cross-motions for summary judgment, the Court concluded Defendant had failed to raise a triable issue of fraudulent procurement and accordingly precluded Defendant from raising the issue at trial. (Dkt. Nos. 304, 313.)

Defendant argues that even absent a finding of fraud on the USPTO, Plaintiff's conduct in procuring the "MY-THO" mark was sufficiently inequitable to demonstrate unclean hands. Unlike some of Defendant's other arguments, this one clearly identifies conduct related to the right in suit. Nevertheless, the argument fails because Defendant has not shown Plaintiff acted inequitably.

Defendant primarily points to Plaintiff's failure to disclose the geographical significance of Mỹ Tho in its trademark registration application and relies on the file wrapper as evidence of Plaintiff's misconduct. (*See generally* Ex. 146.) The file wrapper evidences only Plaintiff's failure to identify the existence of Mỹ Tho city. It does not demonstrate Plaintiff's knowledge of the city, understanding that it should disclose the city's existence, or intent to deceive or mislead the USPTO. No other evidence adduced at trial suggests Plaintiff knew it should have disclosed Mỹ Tho city's existence and deliberately refused to do so.[6]

To the extent Defendant maintains Plaintiff's "innocent" or "inadvertent" failure to disclose the city's existence has led to an inequitable result, Defendant's contention is inapposite. The relevant inquiry is whether Plaintiff acted *inequitably* in procuring the "MY-THO" mark. *See Ellenburg*, 763 F.2d at 1097. Even assuming Plaintiff should have known about Mỹ Tho city and should have informed the USPTO about its existence, negligence is insufficient to support a finding of unclean hands. *See Pfizer, Inc. v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th Cir. 1982) ("Only a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish sufficient culpability for invocation of the doctrine of unclean hands."); *see also Dollar Sys.*, 890 F.2d at 173 ("Bad intent is the essence of the defense."); *Chitkin v. Lincoln Nat'l Ins. Co.*, 879 F. Supp. 841, 854 (S.D. Cal. 1995) ("The doctrine of unclean hands applies only when the plaintiff's allegedly unclean conduct was willful or fraudulent. Mere negligence is not sufficient.") Thus, the mere

---

[6] Indeed, in granting summary judgment on the issue, the Court found Defendant had no such evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

fact Plaintiff failed to disclose Mỹ Tho city's existence does not demonstrate inequitable conduct or unclean hands.

In addition to challenging Plaintiff's failure to disclose Mỹ Tho city, Defendant also asserts Plaintiff made material misstatements regarding the English translation of "MY-THO" in applying for the mark. Defendant points to the declaration Mr. Ly submitted in response to a USPTO examiner's request as evidence of the alleged misconduct. In the declaration, My Ly stated that "MY-THO" means both "pretty autumn" and "beauty and longevity" in Vietnamese. (Ex. 146 at 29.) At trial, Ms. Yau testified that "beautiful autumn" is spelled "Mỹ Thu," and that "beautiful longevity" is spelled "Mỹ Thọ." (04/28/15 Tr. 189:13–190:14.)

In arguing that Mr. Ly's translation demonstrates unclean hands, Defendant unpersuasively conflates inaccuracy with inequity. Ms. Yau's testimony does not establish that Mr. Ly knew or intended to submit a false translation to the USPTO. As "[b]ad intent is the essence of the defense," *see Dollar Sys.*, 890 F.2d at 173, the mere fact Mr. Ly may have failed to accurately translate "MY-THO" does not demonstrate unclean hands. Moreover, courts generally apply the doctrine of unclean hands only when the defendant has suffered some harm from the plaintiff's misconduct. *See Chitkin*, 879 F. Supp. 841 at 854. Here, the only "harm" Defendant identifies from Mr. Ly's misstatements is Plaintiff's procurement of the "MY-THO" mark and Defendant's resulting inability to use a confusingly similar mark. The Court has already found Mr. Ly's misstatements insufficient to establish fraud. (*See* Dkt. Nos. 304, 313.) Because Mr. Ly did not enable the fraudulent procurement of the mark, his statements could not have harmed Defendant. Accordingly, the Court rejects the argument that Plaintiff has unclean hands with respect to the registration of "MY-THO."

To summarize: the Court finds the defenses of laches inapplicable due to the jury's finding of willful infringement and Defendant's failure to demonstrate prejudice. The Court also finds Defendant's arguments insufficient to show unclean hands. Defendant's Motion on Equitable Defenses is therefore **DENIED**.[7]

---

[7] To the extent Defendant requests Plaintiff be enjoined from using the term "MỸ-THO," the Court **DENIES** this request. Defendant has not articulated a legal basis for the request, nor has Defendant addressed the factors applicable to permanent injunctions. The Court expresses concern regarding Plaintiff's use of the ® symbol in connection with the unregistered "MỸ-THO" mark, particularly in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|----------|------------------------|------|----------------|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

### B. Defendant's Motion for Judgment as a Matter of Law

Defendant seeks judgment as a matter of law with respect to a number of the jury's findings. Specifically, Defendant challenges the sufficiency of the evidence as to the following four issues: (1) whether Defendant engaged in a fair use of "MỸ THO"; (2) whether Defendant willfully infringed on the registered "MY-THO" mark; (3) whether there is a likelihood of confusion between "MY-THO" and "MỸ THO"; and (4) whether Defendant's use of "MỸ THO" caused Plaintiff's damages. Defendant also seeks judgment in its favor on its unfair competition counterclaim under the UCL.

As an initial matter, the parties dispute whether Defendant is procedurally barred from challenging these issues in a Rule 50(b) motion. Plaintiff asserts Defendant never articulated any bases for its Rule 50(a) motion and that, accordingly, Defendant may not raise these issues now. (Opp'n to Mot. for JMOL at 3–5.) Plaintiff correctly points out that a party must bring a timely Rule 50(a) motion to challenge the sufficiency of the evidence post-trial, and that generally a party cannot raise new arguments it did not raise in a pre-verdict Rule 50(a) motion. *See Freund*, 347 F.3d at 761. Nevertheless, the Court finds Defendant's Rule 50(b) motion proper under the circumstances.

The parties do not dispute that Defendant moved for judgment as a matter of law at the close of evidence. (*See* 04/30/15 Tr. 605:19–24; 05/04/15 Tr. 674:24–675:1.) The

---

light of the jury's finding that the mark is not a valid trademark. But the Court finds no legal authority upon which to order Plaintiff to cease this misconduct. Although Defendant's counterclaim under the UCL could provide a basis for injunctive relief, for reasons discussed in further detail below this counterclaim fails because Defendant did not offer any evidence at trial to suggest Plaintiff's misuse of the ® symbol caused it to suffer any damages. Accordingly, the Court cannot enjoin Plaintiff's misconduct on the basis of this counterclaim. Nor can the Court rely on its power to enforce registrations pursuant to 15 U.S.C. § 1119. Although this power requires district courts to cancel the registration of a mark a jury finds to be invalid, *see Gracie v. Gracie*, 217 F.3d 1060, 1065 (9th Cir. 2000), it is inapplicable where, as here, Plaintiff has not registered the "MỸ-THO" mark.

In short, Plaintiff's misuse of the ® symbol cannot be remedied in this litigation. Accordingly, the Court has not considered Ms. Yau's declaration or the accompanying exhibits, both of which were filed after the July 20, 2015 hearing on the parties' post-trial motions, evidencing changes Plaintiff has made to its packaging. (*See* Dkt. Nos. 369, 370.) Defendant's objections to these filings are therefore **OVERRULED** as moot.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

only question is whether Defendant properly identified all five of the issues it raises now. At the close of evidence, the Court heard Defendant's response to Plaintiff's Rule 50(a) motion, (*see* 05/04/15 Tr. 678:1–680:8), but declined to hear oral argument on Defendant's Rule 50(a) motion, (*see id.* 680:9–13).  The Court then denied both parties' motions in their entirety based on the finding that the parties presented conflicting evidence and that the case "comes down to credibility."  (*See id.* 681:8–17.)

"Although courts construe strictly the requirement that a motion be made after a case-in-chief, they are generally more liberal about what suffices as a motion for a directed verdict after the close of all the evidence."  *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989).  Thus, a Rule 50(b) motion may be properly preserved even by "an ambiguous or inartfully made" Rule 50(a) motion, or by "an objection to an instruction for insufficient evidence to submit an issue to the jury."  *Id.*  This case presents facts and circumstances similar to those in *Reeves*.  There, the Ninth Circuit found the defendants properly preserved a Rule 50(b) motion where the trial court interrupted their argument and told them to renew the motion after the jury's verdict.  *Id.*  Similarly here, the Court understood the bases for Defendant's Rule 50(a) motion and did not hear oral argument from Defendant's counsel because of its conclusion that all of the issues were contested and properly submitted to the jury.  As a result, Defendant is not barred from challenging the jury's findings in a Rule 50(b) motion now.

### 1.  The Issue of Fair Use

Defendant primarily challenges the jury's finding of no fair use.  (Mot. for JMOL at 3–11.)  Defendant argues it does not use "MỸ THO" for a trademark purpose and instead uses the words only to convey an information statement as to the geographic origin of its products.  Defendant also argues Plaintiff must accept some level of confusion because of its choice to brand its products with a geographic term.

Fair use is an affirmative defense to trademark infringement that applies where the defendant uses a name or term "otherwise than as a mark" and in a manner "descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin."  *See* 15 U.S.C. § 1115(b)(4).  The Supreme Court has recognized that fair use is compatible with the possibility of consumer confusion.  *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 124 (2004) ("[T]he

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|----------|------------------------|------|---------------|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

defendant has no independent burden to negate the likelihood of any confusion in raising the affirmative defense" of fair use.). Accordingly, the jury's finding of a likelihood of confusion in this case does not impair Defendant's fair use defense.

Nevertheless, Defendant bears the burden of making the requisite showing that "MỸ THO" is descriptive, and that Defendant used the words in good faith and in their "primary, descriptive sense other than as a trademark." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150–51 (9th Cir. 2002) (internal quotation marks omitted). To do so, Defendant must demonstrate all three of the following elements: (1) it does not use "MỸ THO" as a trademark; (2) it uses "MỸ THO" fairly and in good faith; and (3) it uses "MỸ THO" only to describe the geographic source of its rice products. *See id.* at 1151. The Court discusses each of these elements and the evidence in support thereof below.

### a. Whether the Evidence Supports a Finding Defendant Uses "MỸ THO" as a Trademark

The Lanham Act defines a "trademark" as "any word, name, symbol, or device, or any combination thereof" used to "identify and distinguish . . . goods . . . from those manufactured or sold by others and to indicate the source of the goods." *See* 15 U.S.C. § 1127. In determining whether a term or phrase is used as a mark, the relevant inquiry is whether the term or phrase "is being used to 'associate it with a manufacturer.'" *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1040 (9th Cir. 2010) (quoting *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir. 1984)). A trademark use may be found where "the lettering, type style, size and visual placement and prominence of the challenged words" suggests they are "used as a symbol to attract public attention." *Id.* (internal quotation marks omitted). "Another indication of trademark use is whether the allegedly infringing user undertook 'precautionary measures such as labeling or other devices designed to minimize the risk that the term will be understood in its trademark sense.'" *Id.* (quoting Restatement (Third) of Unfair Competition § 28 cmt. c (1995)).

The evidence at trial was sufficient to support a finding of trademark use. Although Defendant changed the wording on its rice noodle packaging in response to Plaintiff's cease and desist letter, the words "MỸ THO" still appear prominently at the top and in bold red lettering. (*Compare* Ex. 1, *with* Ex. 2.) Defendant argues it does not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|----------|------------------------|------|---------------|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

use "MỸ THO" as a trademark because the words appear in the same font and color as other words indicating the type of product (rice noodles) and the prepositions indicating geographic source. Defendant also points out that the trademark registration symbol ® only appears next to the three green bamboo trees on its packaging and does not appear next to the words "MỸ THO." These arguments are unavailing at this stage of the proceedings, as the Court may not weigh the evidence or substitute its judgment for that of the jury. *See Go Daddy Software*, 581 F.3d at 961; *see also Krechman*, 723 F.3d at 1110. The jury could have found Defendant's refusal to move the reference to "MỸ THO" to the bottom or back of its packaging, or to reduce the size of the lettering, as evidence Defendant did not take sufficient precautionary measures despite its knowledge of potential infringement. Moreover, the jury could find Defendant's failure to change the wording on its rice paper packaging to be evidence Defendant intended for the words "MỸ THO" to attract public attention. This evidence, in combination with other evidence suggesting consumers associate "MY-THO" with Plaintiff's products and not the city of Mỹ Tho, is sufficient to support a finding Defendant used the words "MỸ THO" as a trademark to designate the brand source of its goods.

Defendant cites to *Dessert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416 (S.D.N.Y. 2008) to support its fair use argument, but this case is distinguishable. In *Dessert Beauty*, the court found the defendant did not use the words "LOVE POTION" in a trademark sense because the source of the defendant's goods was designated by the defendant's own trademark "DESSERT" and lip stain logo. *Id.* at 424. Here, however, Defendant initially claimed "MỸ THO" as part of its trademark. (*See* Ex. 107-2.) Additionally, the jury could have found Defendant displayed the words "MỸ THO" more prominently than other design features, such as its blue "TUFOCO" logo and the three green bamboo trees; such a finding is supported by the fact that the words "MỸ THO" appear at the top of Defendant's packaging and in a slightly larger font size than the words "TUFOCO" or "Bamboo Tree." (*See* Exs. 1, 2, 5.) *Dessert Beauty* therefore provides little support for finding the jury erred in rejecting the fair use defense.

### b. Whether the Evidence Supports a Finding Defendant Uses "MỸ THO" Fairly and in Good Faith

In the Ninth Circuit, the good faith element of the fair use defense is essentially identical to the intent factor of the likelihood of confusion analysis. *See Fortune*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

*Dynamic*, 618 F.3d at 1043. Thus, in assessing whether the defendant acted fairly and in good faith, the fact finder should consider whether the defendant intended to capitalize on or profit off the plaintiff's goodwill. *Id.*

Defendant cites to Mr. Van Nuoc's testimony as evidence of Defendant's good faith. Mr. Van Nuoc testified that when designing Defendant's rice paper packaging, he included the words "MỸ THO" to communicate that the products are produced in Mỹ Tho, Vietnam, and not to "copycat someone's brand." (*See* 04/30/15 Tr. 548:11–19, 549:13–23.) Although Mr. Van Nuoc's testimony suggests good faith, the jury was entitled to discount his credibility in light of other evidence suggesting Defendant intended to profit from an association with Plaintiff's goods. Perhaps most relevant is Defendant's conduct once Plaintiff sent the cease and desist letter. In response, Defendant expressly acknowledged a likelihood of confusion and agreed to modify the wording on its packaging to more clearly state its products are produced in Mỹ Tho. (*See* Ex. 132-2.) Yet Defendant refused to move this "information statement" to a less prominent place on its packaging, instead continuing to place "MỸ THO" at the top and in bold red lettering. (*See* Ex. 2.) This evidence, combined with the lack of any evidence suggesting Defendant consulted legal counsel despite its knowledge of likely infringement, is sufficient to support a finding that Defendant did not act in good faith and that Defendant's continued use of "MỸ THO" was objectively unfair. *See Fortune Dynamics*, 618 F.3d at 1043 (finding the defendant's failure to investigate whether a prior user held a trademark in the challenged term precluded summary judgment and could support a jury's finding of carelessness and unfair use).

### c. Whether the Evidence Supports a Finding Defendant Uses "MỸ THO" Only to Describe the Geographic Source of Its Products

The final fair use factor requires a showing Defendant uses "MỸ THO" only to indicate the geographic source of its products. To prevail on this factor, the Ninth Circuit requires a defendant to "establish that it used the word 'in [its] primary, descriptive sense' or 'primary descriptive meaning.'" *Fortune Dynamic*, 618 F.3d at 1041 (alteration in original). Whether a particular use is descriptive and fair may vary depending on the "descriptive purity" of the defendant's use and the availability of other descriptive terms. *Id.* (citing Restatement (Third) of Unfair Competition § 28 cmt. c (1995)).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | | Date | July 24, 2015 |
|---|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | | |

Here, Defendant argues its use of "MỸ THO" is purely geographically descriptive. But in asserting that the trial testimony "is uniform that [Defendant] is making an information statement" about the geographic source of its goods, (*see* Mot. for JMOL at 4–6), Defendant ignores relevant and substantial testimony to the contrary. (*See, e.g.*, 04/28/15 Tr. 123:18–124:12, 193:1–17; 04/29/15 Tr. 417:7–421:7, 438:2–20, 442:16–25, 451:23–452:16, 459:3–22, 460:23–463:6.) The jury was entitled to believe Ms. Yau, Mr. Wongsukmun, Mr. Quino, and Mr. A. Chan's testimonies that the words refer to Plaintiff's brand and not the city of Mỹ Tho, Vietnam. The jury was also entitled to give credence to their testimonies that Mỹ Tho is not a famous city, and that consumers do not associate the words with a geographic place. That Defendant did not change its rice paper packaging to include prepositional phrases indicating the source of its products further supports the jury's finding that Defendant's use of "MỸ THO" is not primarily descriptive. *See Fortune Dynamic*, 618 F.3d at 1042 ("[E]ven if a jury thought that there was some evidence of descriptive use, it could still reasonably conclude that the lack of 'precautionary measures' . . . outweighs that evidence.").

Defendant cites to *KP Permanent Make-up* for the proposition that a plaintiff adopting a descriptive phrase as its mark must accept some level of confusion. *See* 543 U.S. at 122 (citing *Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997) ("If any confusion results, that is a risk the plaintiff accepted when it decided to identify its product with a mark that uses a well known descriptive phrase.")). This may be so, but the argument does little to advance Defendant's case for fair use. Defendant bears the burden of demonstrating that the primary meaning of the words "MỸ THO" is to indicate the city in Vietnam, and that Defendant used the words in this descriptive sense only. But as detailed above, the evidence is consistent with a finding that consumers do not interpret the words to refer to Mỹ Tho city, and that Defendant did not use the words in a trademark sense. Accordingly, substantial evidence supports the jury's finding of no fair use, and the finding must stand.

### 2. The Issue of Willfulness

Defendant also argues the evidence does not support a finding of willful infringement. (Mot. for JMOL at 11–17.) "Willful infringement carries a connotation of deliberate intent to deceive." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993), *superseded by statute on other grounds*, Trademark Amendments Act of

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

1999, Pub. L. No. 106–43, 113 Stat. 218.  Deliberate, misleading, or fraudulent conduct
may meet this standard.  *Id.*  A showing of willfulness "require[s] a connection between a
defendant's awareness of its competitors and its actions at those competitors' expense."
*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015)
(alteration in original) (internal quotation marks omitted).  "Infringement is not willful if
the defendant might have reasonably thought that its proposed usage was not barred by
the statute."  *Blockbuster Videos, Inc. v. City of Tempe*, 141 F.3d 1295, 1300 (9th Cir.
1998) (internal quotation marks omitted).

    In challenging the jury's finding of willful infringement, Defendant first points to
Mr. Van Nuoc's testimony that the company independently designed its rice paper
packaging before the parties began doing business together, and that the original
packaging featured the phrase "MỸ THO."  (04/30/15 Tr. 547:11–550:5; *see also* Ex. 5.)
Mr. Van Nuoc's testimony indicates Defendant chose to use "MỸ THO" not to refer to
competing products but to inform consumers that Defendant's products are produced in
Mỹ Tho, Vietnam.  (04/30/15 Tr. 548:11–19.)  Although this evidence is inconsistent
with the notion Defendant originally designed its packaging to capitalize on Plaintiff's
goodwill, it does not necessarily negate a finding of willful infringement.  Defendant's
continued use of "MỸ THO" once it became aware of the "MY-THO" mark could
demonstrate willfulness.  *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger,
U.S.A., Inc.*, 80 F.3d 749, 754 (2nd Cir. 1996) (noting that infringement may be willful
where a defendant continues to use a mark after notice that the use may be infringing).

    Defendant also argues its trademark registration precludes a finding of willfulness.
Defendant applied for and obtained the registration in August 2007 and November 2008,
respectively.  (*See* Ex. 107-1.)  According to the registration, Defendant's mark consists,
among other elements, "of the words BANH TRANG MY THO set forth in red . . . ."
(Ex. 107-2.)  Defendant argues that because the registration is prima facie evidence of the
mark's validity, Defendant was entitled to rely on the registration and assume its right to
use the phrase "MỸ THO."  According to Defendant, its use of "MỸ THO" therefore
could not have been with the intent to deceive or infringe.

    To support this argument, Defendant cites to *Trovan, Ltd. v. Pfizer, Inc.*, No. CV
98–00094 LGB, 2000 WL 709149, at *25–26 (C.D. Cal. May 24, 2000).  In *Trovan*, the
district court found the defendant's trademark registration to be "wholly inconsistent"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

with a finding of willful infringement and granted the defendant's request for judgment as a matter of law or, alternatively, a new trial. *Id.* The case involved reverse confusion and the court noted that, at that time, the Ninth Circuit had not addressed the issue of bad faith in such a context. *Id.* at *24.

The Court recognizes Defendant's trademark registration is evidence Defendant did not intend to deceive, infringe, or profit off Plaintiff's goodwill. Nevertheless, this evidence cannot be viewed in isolation. Defendant's assertion it was entitled to rely on the registration and therefore could not have acted in bad faith is undermined by Defendant's own statements in response to the cease and desist letter:

> The words "BÁNH PHỞ MỸ THO" on the packing of Anhing Corporation and on the packing of Thuan Phong Company are likely to cause confusion in the marketplace. Thuan Phong [C]ompany does not want to use alike name of Anhing's rice noodle (*sic*). We will correct the name of our product on packing clearly in order that it will be quite different to the name of product of Anhing Corporation (*sic*).

(*See* Ex. 132-2.) Although Defendant changed some of the wording on its packaging to more clearly state that its goods are produced in Mỹ Tho, (*see* 04/28/15 Tr. 152:17–22, 153:16–25), Defendant continued to use the words "MỸ THO" in bold red lettering and in a large font size at the top of its packaging, (*see id.* 154:2–10). Defendant also refused to move the words to the bottom of its packaging. (*Id.* 154:6–15.) "Use of an infringing mark, in the face of warnings about potential infringement, is strong evidence of wilful (*sic*) infringement." *E. & J. Gallo Winery v. Consorzio del Gallo Nero*, 782 F. Supp. 472, 475 (N.D. Cal. 1992). As in *Gallo*, here Defendant's knowledge that its use of "MỸ THO" was likely to cause consumer confusion supports a finding of willfulness. *Trovan* is therefore distinguishable, not only because it involved reverse confusion, but also because the plaintiff did not present evidence the defendant knew its conduct was likely to infringe on the plaintiff's mark.

The jury's finding of willful infringement is also supported by other substantial evidence. Although there was no direct evidence of Defendant's intent to deceive, circumstantial evidence supports such a finding. For example, Plaintiff offered evidence from which the jury could have concluded Defendant knew about the "MY-THO" mark

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

as early as 2005, when, according to Plaintiff, Mr. Van Tu visited its facilities. (04/28/15 Tr. 145:11–16.) Moreover, Defendant offered no evidence it obtained and relied upon advice from legal counsel in continuing to use "MỸ THO" after Plaintiff sent the cease and desist letter. "The failure to consult trademark counsel prior to engaging in infringing conduct, where such consultation would be reasonable, supports a finding of wilful (*sic*) infringement." *E. & J. Gallo Winery*, 782 F. Supp. at 476.

Viewing the evidence in the light most favorable to Plaintiff, the Court cannot conclude the evidence "permits only one reasonable conclusion . . . contrary to the jury's verdict." *See Josephs*, 443 F.3d at 1062. The evidence that Defendant continued to sell rice products under the phrase "MỸ THO," knowing its conduct could constitute infringement and without consulting legal counsel as to the propriety of its actions, is inconsistent with Defendant's claim to good faith and supports a finding of willfulness. *See E. & J. Gallo Winery*, 782 F. Supp. at 475–76 (finding willful infringement where the defendant had notice of its potential infringement, conducted only an "in-house" investigation into the matter, and failed to consult legal counsel). Accordingly, Defendant has failed to demonstrate grounds for relief with respect to this issue.

### 3. The Issue of Likelihood of Confusion

Defendant next challenges the jury's finding with respect to a likelihood of confusion between Plaintiff's registered "MY-THO" mark and Defendant's use of "MỸ THO." (Mot. for JMOL at 17–19.) Defendant first argues that any potential confusion results from Plaintiff's choice of a geographic mark. This argument fails because, as already discussed, Defendant has not shown "MY-THO" is geographically misdescriptive. Moreover, Plaintiff offered evidence that "MY-THO" is a brand name that does not refer to the city of Mỹ Tho, and that Plaintiff's consumers do not associate goods sold under the "MY-THO" mark with a geographic location. (*See* 04/28/15 Tr. 116:17–23, 193:1–17; *see also* 04/29/15 Tr. 391:18–20, 421:1–3.) The jury was entitled to give due weight to this evidence in determining the strength of "MY-THO." Finally, the strength of the mark "is only one factor to be considered along with the others to determine likelihood of confusion." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1016 (9th Cir. 1985). Thus, even if the jury found Plaintiff's "MY-THO" mark is weak, such a finding would not preclude a finding of likely confusion.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

    Defendant also argues that because the jury found Plaintiff did not own a valid trademark in "MỸ-THO," any "apparently similarity" between "MY-THO" and "MỸ THO" cannot be given weight.  Defendant cites no authority for this proposition.  And as discussed below, substantial evidence supports a finding of confusion.

    In the Ninth Circuit, a likelihood of consumer confusion depends upon the following eight factors: (1) the strength of the mark; (2) the proximity and relatedness of the goods; (3) the type of goods and degree of consumer care; (4) the similarity of the marks; (5) whether the goods are marketed in converging channels; (6) evidence of actual consumer confusion; (7) the defendant's intent in selecting the allegedly infringing mark; and (8) the likelihood of product expansion.  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979), *abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003).  The only factor Defendant discusses in challenging the jury's finding is the sixth.  According to Defendant, the trial evidence of actual confusion was unpersuasive and de minimis.

    This argument does not demonstrate grounds for relief under Rule 50(b).  Plaintiff offered evidence from which the jury could conclude some consumers experienced actual confusion in attempting to purchase Plaintiff's goods.  (*See* 04/29/15 Tr. 364:21–365:20; 367:2–13; 421:8–424:5, 432:11–433:10, 439:5–441:9, 451:2–7, 452:22–454:14.)  The Court may not substitute its view of the evidence for the jury's in ruling on a Rule 50(b) request.  *See Krechman*, 723 F.3d at 1110.

    Moreover, evidence of actual confusion is only one factor among eight to be considered in determining whether a likelihood of confusion exists.  Here, substantial evidence supports a finding of confusion in light of all the factors.  Plaintiff presented evidence that it has used the "MY-THO" mark for over thirty years, and that it expended considerable funds marketing and promoting the brand during that time.  (*See* Exs. 29, 38.)  This evidence supports a finding that the mark is strong.  That the goods are identical, with both parties selling rice paper and rice noodles under their respective marks, also favors a finding of likely confusion.  (*See* Exs. 1–5, 59, 61.)  That the marks are similar in sight and sound further favors a likelihood of confusion; indeed, Defendant admitted as much before trial.  (*See* Ex. 132-2.)  Plaintiff also offered evidence consistent with a finding Defendant knew about the "MY-THO" mark before it designed its rice noodle packaging, thereby supporting an inference of intent.  (*See* 04/30/15 Tr. 522:23–

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|----------|------------------------|------|---------------|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

523:8.)  Finally, the evidence that the parties' goods are sold in the same stores and are modestly priced supports a finding in Plaintiff's favor.  (*See* 04/29/15 Tr. 424:6–425:12, 449:14–20, 451:8–17.)  Thus, even assuming the evidence of actual confusion was only slight, substantial evidence supports the jury's finding in light of the remaining factors.

### 4.  The Issue of Damages

Defendant also challenges the jury's findings with respect to damages. Specifically, Defendant argues no evidence supports the conclusion that its use of "MỸ THO" caused a decline in Plaintiff's sales.  (Mot. for JMOL at 20–23.)  To the extent Defendant challenges the jury's award of profits, Defendant's argument is unavailing.  In addition to actual damages, § 1117 permits an award of profits in cases of willful infringement.  *See* 15 U.S.C. § 1117(a)(1); *see also Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995), *as amended on denial of reh'g* (Feb. 15, 1996).  The defendant bears the burden of demonstrating the expenses that should be deducted from gross revenue so as to arrive at the defendant's profits.  *See Fifty-Six Hope Rd.*, 778 F.3d at 1076.  As Defendant has not pointed to any evidence suggesting the jury erred in awarding Plaintiff $8,690.52 in profits, the Court considers only whether substantial evidence supports the jury's award of $10,000 in actual damages.

"In a trademark action, the nature of the proof required to support a jury award depends on the circumstances of the case and is subject to the principles of equity." *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1112 (9th Cir. 2012) (internal quotation marks omitted).  The fact finder "must distinguish between proof of the fact of damages and the amount of damages because a mark holder is held to a lower standard in proving the exact amount of actual damages." *Id.*  Once the plaintiff establishes causation, the evidentiary burden "relaxes considerably." *Id.*  "To support a jury's actual damages award, there need only be substantial evidence to permit the jury to draw reasonable inferences and make a fair and reasonable assessment." *Id.* (citing *La Quinta*, 603 F.3d at 342).  In cases of intentional infringement, the court may accept "'crude' measures of damages based upon reasonable inferences so long as those inferences are neither 'inexorable . . . [nor] fanciful.'" *Id.* (alteration in original).

Here, the jury's damages award of $10,000 is supported by reasonable inferences and assessments and based upon substantial evidence.  Plaintiff offered evidence it

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

experienced a decline in sales after Defendant entered the domestic marketplace. (Exs. 19–21.) The evidence suggests Plaintiff experienced a loss of $630,863 between 2010 and 2014 for its rice paper products, (Ex. 21), and a loss of $533,660 during the same time period for its rice stick and vermicelli products, (Ex. 20).

With respect to the issue of causation, Plaintiff offered evidence that some of its declining sales before Defendant began selling products in the United States may have resulted from an economic recession. (04/29/15 Tr. 280:19–25.) Plaintiff also offered evidence that once Defendant entered the market, Defendant sold its products at a cheaper price point than Plaintiff. (*Id.* 280:19– 292:13.) The jury could reasonably infer from this evidence that consumers believing Plaintiff and Defendant's products to be identical purchased Defendant's because of the lower price. Additionally, Ms. Yau testified that rice paper and rice noodles are staple food products that consumers regularly purchase, such that sales of these products are not likely to be subject to change or food trends. (*Id.* 292:20–293:7.) She also testified that Plaintiff markets other brands of rice paper and noodles in addition to the "MY-THO" brand, and that these brands did not suffer a decrease in sales after Defendant began selling rice paper and noodles under "MỸ THO." (04/28/30 Tr. 168:15–24.)

Taken together, this evidence is sufficient to demonstrate causation. As noted above, Plaintiff estimated a combined total loss of $1,164,523 for its rice paper, stick, and vermicelli sales. (Exs. 20, 21.) Yet the jury awarded only $10,000 in damages. Given the evidence of a decline in sales of "MY-THO" branded products, consumer confusion, and stable sales of Plaintiff's non-"MY-THO" branded rice papers and noodles, the jury could have reasonably inferred Defendant's use of "MỸ THO" was at least one cause of Plaintiff's lost sales. Viewing the evidence in the light most favorable to Plaintiff, the jury could have also reasonably concluded Defendant caused damages of what amounts to less than ten percent of Plaintiff's total lost sales. *See Skydive Ariz.*, 673 F.3d at 1113 ("The mere fact that plausible arguments could be made that the jury's verdict is too high does not warrant reversal.").

### 5. Defendant's Unfair Competition Counterclaim

Defendant's final argument regards its counterclaim under the UCL, which was not submitted to the jury and for which Defendant seeks judgment in its favor. (*See* Mot. for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

JMOL at 23–25.)  The basis for the counterclaim is twofold.  First, Defendant asserts Plaintiff's packaging falsely states its products are produced in Mỹ Tho, Vietnam.  Second, Defendant argues Plaintiff's use of the registration symbol ® next to the words "MỸ-THO" misrepresents the fact that Plaintiff does not have a registration for the mark.  Defendant requests a permanent injunction to remedy these alleged violations.

The unfair competition statute "prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'"  *In re Pomona Valley Med. Grp., Inc.*, 476 F.3d 665, 674 (9th Cir. 2007) (quoting Cal. Bus. & Prod. Code §§ 17200 *et seq.*).  "An unlawful act is one "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."  *Id.* (quoting *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838–39 (Cal. Ct. App. 1994)).  An unfair act includes "any practice whose harm to the victim outweighs its benefits."  *Saunders*, 27 Cal. App. 4th at 839; *see also Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007).  An act may be fraudulent and actionable under the statute even if it would not amount to common law fraud; any practice likely to deceive the public will suffice.  *Saunders*, 27 Cal. App. 4th at 839; *see also In re Pomona Valley*, 476 F.3d at 674.

The first basis for Defendant's unfair competition counterclaim fails for reasons already discussed.  Substantial evidence exists to support the conclusion Plaintiff fairly represents its products are produced in Thailand.  And although the jury did not find Plaintiff owns a protectable trademark in the words "MỸ-THO," the evidence is also sufficient to support a finding that consumers do not interpret those words to refer to the city of Mỹ Tho.  The Court adopts these findings for purposes of Defendant's counterclaim under the UCL and finds Defendant is not entitled to relief for Plaintiff's alleged misstatements as to geographic source.

Defendant has also failed to show it is entitled to relief for Plaintiff's misuse of the ® symbol.  To have standing to bring a claim for unfair competition, Defendant must establish it suffered an injury in fact and lost money or property as a result of Plaintiff's unlawful, unfair, or fraudulent conduct.  *See* Cal. Bus. & Prof. Code § 17204; *see also Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009).  In other words, Defendant must establish Article III standing, as well as a causal connection between Plaintiff's misconduct and Defendant's injury.  *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010).  Courts have found an injury in fact sufficient to confer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

standing where a party has expended money, lost money or property, or been denied money to which it has a cognizable claim as a result of unfair conduct. *See Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1137–38 (S.D. Cal. 2012) (collecting cases).

Defendant's motion entirely fails to address the causation and damages requirements for standing under the UCL. Defendant has neither argued it suffered an injury as a result of Plaintiff's use of the ® symbol, nor pointed to any evidence adduced at trial to support such a finding. Accordingly, Defendant is not entitled to judgment in its favor on its counterclaim under the UCL.

### C. Plaintiff's Motion for a Permanent Injunction

Plaintiff moves for permanent injunctive relief based upon the jury's finding of willful trademark infringement on the "MY-THO" mark. (*See generally* Mot. for Permanent Inj.) As set forth above, Plaintiff bears the burden of demonstrating all four of the following: (1) irreparable injury; (2) the inadequacy of legal remedies; (3) the balance of hardships weighs in Plaintiff's favor; and (4) a permanent injunction would serve the public interest. *See eBay, Inc.*, 547 U.S. at 391. For the reasons discussed below, the Court finds a permanent injunction is appropriate to ensure Defendant does not continue to infringe on the "MY-THO" mark.

As an initial matter, the Court notes that many of Defendant's arguments in opposing a permanent injunction are identical to those raised in its other post-trial motions, such as its purported fair use and Plaintiff's allegedly inequitable conduct. (*See generally* Opp'n to Mot. for Permanent Inj.) The Court has already concluded substantial evidence supports the jury's finding against Defendant on the issue of fair use, and that the doctrine of unclean hands does not bar Plaintiff's relief. The Court will not repeat the reasons for these findings here. Nevertheless, the Court has considered these arguments in determining whether equity favors granting permanent injunctive relief, and in determining the appropriate scope of such relief.

### 1. The *eBay, Inc.* Factors Favor Granting a Permanent Injunction

### a. Plaintiff Has Demonstrated Irreparable Injury

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 13-05167 BRO (MANx)** | Date | July 24, 2015 |
|---|---|---|---|
| Title | **ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL.** | | |

To obtain a permanent injunction, Plaintiff must first demonstrate it has suffered an irreparable injury. *See Herb Reed*, 736 F.3d at 1249; *Reno Air Racing*, 452 F.3d at 1137–38. Evidence of economic injury alone generally will not support a finding of irreparable harm, as such injuries may be remedied by an award of money damages. *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Evidence of intangible injury, such as a loss of customers or damage to a party's goodwill, can constitute irreparable harm. *Id.*; *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001). Evidence of a loss of control over one's business reputation may also suffice. *See Herb Reed*, 736 F.3d at 1250.

The trial evidence demonstrates Plaintiff has suffered irreparable injury in the form of a loss of control over and harm to its goodwill and reputation. Plaintiff has been selling rice noodle and rice paper products under the "MY-THO" mark for over thirty-five years and has expended significant resources developing and marketing the brand. Ms. Yau testified that Defendant's sales of rice products had caused harm to the "MY-THO" brand, particularly because Defendant's rice noodles are of inferior quality. (04/28/15 Tr. 168:25–169:13.) Mr. Quino's testimony substantiates Ms. Yau's belief that Plaintiff's customers prefer its rice noodles over Defendant's. (04/29/15 440:17–441:9.) Plaintiff also offered evidence of consumer confusion, including among distributors and end-users of its products. (*See id.* 364:21–365:20; 367:2–13; 421:8–424:5, 432:11–433:10, 439:5–441:9, 451:2–7, 452:22–454:16.) Together, this evidence suggests Plaintiff's reputation and goodwill have suffered in the eyes of customers confused by Defendant's products. *See* 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION (hereinafter 5 MCCARTHY) § 30:2 (4th ed.) ("If it is likely that confused persons will mistakenly attribute to [the] plaintiff defects or negative impressions they have of [the] defendant's goods or services, then the plaintiff's reputation (and its signifying trademark) is at risk because it is in the hands of a stranger."); *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 939 (4th Cir. 1995) (finding the plaintiff sufficiently demonstrated irreparable injury where there was evidence of actual consumer confusion and specific instances of customer complaints). That the jury found a likelihood of confusion substantiates this conclusion and further supports a finding of irreparable injury. This factor therefore favors granting injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

### b. Remedies at Law Are Inadequate

The second *eBay, Inc.* factor requires a showing of the inadequacy of legal remedies. "The terms 'inadequate remedy at law' and 'irreparable harm' describe two sides of the same coin. If the harm being suffered by plaintiff . . . is 'irreparable,' then the remedy at law (monetary damages) is 'inadequate.'" 5 MCCARTHY § 30:2. The difficulty of proving actual damages may suggest that damages are inadequate "and so cuts in favor of equitable relief." *Cont'l Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1105 (9th Cir. 1994).

The same evidence demonstrating irreparable harm suggests that damages at law are inadequate to remedy Defendant's infringement. The evidentiary burden Plaintiff faced in establishing its actual damages at trial also favors injunctive relief. Perhaps most important, however, is the risk that Defendant will continue to engage in infringing conduct. This risk is the reason why permanent injunctions are "the usual and normal remedy" for trademark infringement. *See* 5 MCCARTHY § 30:1 ("Consider the alternative. If a court were to permit the infringer to continue its infringing activities, the result would be a judicially imposed compulsory license given to an infringer. This would permit the likelihood of confusion to continue and deprive the consuming public of a truthful marketplace."); *see also Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135–36 (9th Cir. 1986) (finding the district court erred in denying a permanent injunction simply because the plaintiff failed to offer evidence suggesting the defendant would infringe in the future). If Defendant does not intend to infringe in the future, then an injunction will cause little harm; but if Defendant does, an injunction will provide Plaintiff substantial protection and alleviate the burden of filing duplicative lawsuits. Thus, this factor also weighs in Plaintiff's favor.

### c. The Balance of Hardships Weighs in Plaintiff's Favor

The balance of hardships must favor Plaintiff to demonstrate a need for injunctive relief. In other words, the harm to Plaintiff in the absence of an injunction must outweigh the harm to Defendant as the result of one. Plaintiff argues the balance of hardships weighs in its favor because an injunction will merely require Defendant to cease its infringing activities and comply with the Lanham Act. (Mot. for Permanent Inj. at 12–15.) Defendant argues an injunction will cause significant harm to its business, as it will

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|----------|------------------------|------|---------------|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

be unable to adequately convey the geographic source of its products, will be required to redesign its product packaging, and will accordingly suffer harm to its own trade dress. (Opp'n to Mot. for Permanent Inj. at 22–23.)

Defendant's argument regarding its ability to communicate the geographic source of its products to consumers carries little weight, as the jury has already found, based upon substantial evidence, that Defendant's current packaging does not make a fair use of the words "MỸ THO."  Nevertheless, the Court has considered this concern in crafting an appropriately tailored injunction.  Defendant's argument regarding potential harm to its trade dress, on the other hand, is entirely unavailing.  In arguing an injunction will harm its trade dress, Defendant essentially concedes its present use of "MỸ THO" is a trademark use.  Yet in arguing it should be permitted to state where its products are made, Defendant asserts "MỸ THO" conveys only an information statement as to the geographic source of its goods.  Defendant cannot have it both ways.

Given the jury's finding of willful infringement, an appropriately tailored injunction is appropriate in this case.  Without such relief, Plaintiff will continue suffering irreparable harm to its business reputation and goodwill, as Defendant is likely to continue selling rice products confusingly similar to Plaintiff's.  Plaintiff also faces economic hardship from a loss of sales.  With such relief, Defendant will merely be required to refrain from infringing on Plaintiff's "MY-THO" mark.  Under the circumstances, the balance of hardships weighs in Plaintiff's favor.  *See Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (noting that a defendant suffers no hardship in merely "refraining from willful trademark infringement").

### d.  A Permanent Injunction Will Serve the Public Interest

Finally, Plaintiff must demonstrate that a permanent injunction will serve the public interest.  In cases of trademark infringement, the public has a strong interest in being free from deception and confusion.  *See Moroccanoil, Inc. v. Moroccan Gold, LLC*, 590 F. Supp. 2d 1271, 1282 (C.D. Cal. 2008) (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 198 (3rd Cir. 1990)); *see also Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 n.5 (9th Cir. 2009) ("The public has an interest in avoiding confusion between two companies' products.").  Here, Defendant's infringement demonstrates the need for permanent injunctive relief.  Without

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | | Date | July 24, 2015 |
|---|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | | |

an injunction, consumers are likely to continue experiencing confusion between Plaintiff and Defendant's rice paper and rice noodle products. Indeed, Defendant's continued insistence that its present use of "MỸ THO" is a fair use, despite the jury's finding otherwise, suggests that without the restrictions of an injunction, Defendant will continue selling rice products under its current packaging.

The Court is mindful that although Defendant's present use is not fair, an appropriate injunction must not limit Defendant's fair use rights under § 1115(b)(4). To the extent the public has an interest in knowing where Defendant's goods are produced, the Court has considered this interest in determining the appropriate scope of injunctive relief. Thus, the public interest favors a tailored injunction prohibiting future trademark infringement while permitting fair use.

### 2. The Proper Scope of the Injunction

Injunctions must be properly tailored to address only the specific harm suffered by the injured party. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1297 (9th Cir. 1992). Several factors are relevant in considering the appropriate scope of relief, including: (1) the nature of the interest; (2) the nature and extent of the wrong; (3) the interests of third persons and the public; (4) whether the injured party unreasonably delayed in bringing suit; (5) whether the injured party is guilty of misconduct; and (6) the practicality of crafting and enforcing the injunction. *See* Restatement (Third) of Unfair Competition § 35 (1995). Likelihood of confusion to consumers is "the critical factor" in determining the breadth of an injunction. *Internet Specialties*, 559 F.3d at 993 n.5.

Plaintiff proposes the following injunction:

Defendant Thuan Phong Company and its officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with any of them, are hereby permanently enjoined from using Plaintiff's MY-THO mark or any colorable imitation thereof in a manner that is likely to cause confusion with Plaintiff's MY-THO Mark or Plaintiff's goods and services, as prohibited by the Lanham Act and California common law.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

(*See* Proposed Permanent Inj. ¶ 1.)  Plaintiff's proposed injunction also requires that "[a]ny use of 'Mỹ Tho' as a location designator" be subject to the following three restrictions: (1) Defendant must use the phrase "Mỹ Tho Industrial Zone" to indicate the geographic source of its products; (2) the source statement must be located on the back of Defendant's packaging; and (3) the source statement must be in black ink and may not exceed 4 centimeters in length and 0.2 centimeters in height.  (*See id.* ¶ 4.)  Plaintiff also requests that Defendant be required to cease exporting infringing products to the United States, destroy or export out of the United States all infringing products, and notify its wholesalers that they must discontinue sales of infringing products.  (*See id.* ¶¶ 2, 3, 6.)

Defendant argues Plaintiff's proposed injunction is overbroad.  Defendant primarily objects to the restrictions on its use of "MỸ THO" as a location designator, arguing that the inclusion of the words "Industrial Zone" is unnecessary; the requirement that the source statement be in black ink impairs its trade dress; and the size and package location requirements for the source statement are overly burdensome and impair its fair use rights under § 1115(b)(4).  The Court agrees with some of these objections.

For example, there is no evidentiary basis upon which to require Defendant to state its products are made in Mỹ Tho's "Industrial Zone."  The parties did not argue or offer any evidence as to whether consumers would more readily recognize "Mỹ Tho Industrial Zone" as an indication of geographic source than simply "Mỹ Tho."  There is also no evidentiary basis for the requirement the source statement be in black ink.  Defendant's packages utilize red, blue, green, and white ink; black ink is used only on the back of Defendant's packages to convey information not included in its trade dress, such as nutrition facts, ingredients, and directions for use.  (*See* Ex. 1–5, 43-2.)  As the jury found no likelihood of confusion between the parties' trade dresses, requiring Defendant to use black ink is unwarranted and unfairly limits Defendant's trade dress rights.

The prohibition against locating the source statement on the front of Defendant's products is also overly burdensome.  No evidence suggests food manufacturers cannot include source statements on the front of their packaging.  And indeed, some of Plaintiff's own products include a statement of geographic source on the front.  (*See* Ex. 61.)  Although the jury found Defendant's present use of "MỸ THO" to be an unfair use, this finding does not mean that any and all uses of "MỸ THO" on the front of Defendant's packaging are necessarily infringing.  The jury's finding must be viewed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

light of the particular facts, which show that Defendant's current packaging uses the words "MỸ THO" on the front *and* at the top of the product in large bold red lettering above the "TUFOCO" logo and three green bamboo trees included in Defendant's trademark. (*See* Exs. 1–5.) Thus, there is no basis upon which to conclude Defendant cannot make a fair use of "MỸ THO" if the words appear on the front of its packaging.

For similar reasons, a requirement that the source statement be no larger than four centimeters in length and 0.2 centimeters in height would also impair Defendant's fair use rights. Certainly, the jury's finding of willful infringement requires a change to Defendant's current use of "MỸ THO." But it does not require the wholesale relegation of any and all reference to the words to an entirely inconspicuous location.

Defendant also objects to the proposed injunction to the extent it would require Defendant to destroy or export its infringing goods within the United States by September 1, 2015. Defendant maintains that this provision is inequitable and requests a sell-off period of at least twelve months. The main arguments Defendant advances in favor of a twelve-month sell-off period, however, have already been rejected by the Court. For example, Defendant's argument that it has been selling goods since 2004 and that "[t]here is no cogent reason why [the parties' goods] cannot co-exist for another 12 months" is unavailing, as the Court has already denied a laches defense. Given the jury's finding of willful infringement, the Court finds "no cogent reason" to permit Defendant to continue selling infringing goods for an entire year.

Nevertheless, the Court finds a six-month sell-off period appropriate in this case. Plaintiff has offered no evidence that the "MY-THO" mark is likely to suffer a significantly increased risk of harm because of an additional six months of continued competing use. A short sell-off period will strike a more equitable balance of hardships by accounting for both Defendant's interest in continued business operations and Plaintiff's interest in protecting the "MY-THO" mark. *See Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 42 (1st Cir. 2006) (finding district court did not abuse discretion in permitting a twelve-month sell-off period where there was no indication the risk of harm to the plaintiff's mark was likely to increase appreciably during this time, despite the jury's finding of willful infringement); *cf. Kelley Blue Book v. Car-Smarts, Inc.*, 802 F. Supp. 278, 293 (C.D. Cal. 1992) ("It has been held that where an injunction is issued under the Lanham Act enjoining an infringer from further infringement, the rights of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167 BRO (MANx) | Date | July 24, 2015 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | |

plaintiff are adequately protected and an order requiring destruction of infringing articles, though permitted, may be unnecessary.").

Finding all of the *eBay, Inc.* factors weigh in Plaintiff's favor, the Court **GRANTS** Plaintiff's Motion for a Permanent Injunction.  Plaintiff's proposed injunction shall be modified to reflect a proper balance between Plaintiff's trademark rights in the "MY-THO" mark and Defendant's right to fair use under § 1115(b)(4).  The modified injunction shall consist of the following terms:

1. Defendant Thuan Phong Company, Ltd. and its officers, agents, servants, employees, attorneys, and anyone in active concert or participation therewith, are hereby permanently enjoined from using the words "MỸ THO" in a manner likely to cause confusion with Plaintiff's "MY-THO" mark.  Use of the words "MỸ THO" in the same or a similar manner as shown in Exhibit A attached hereto shall be considered likely to cause confusion with Plaintiff's "MY-THO" mark.

2. Defendant Thuan Phong Company, Ltd. shall immediately cease exporting to the United States infringing products bearing the words "MỸ THO" in the same or a similar manner as shown in Exhibit A attached hereto.  All such shipments since May 1, 2015 shall be identified by bill of lading, importer, and customs agent.

3. By February 1, 2016, Defendant Thuan Phong Company, Ltd. shall destroy or export out of the United States all packaging in the United States bearing the words "MỸ THO" in the same or a similar manner as shown in Exhibit A attached hereto.  Proof of destruction or bills of lading shall be produced by Defendant Thuan Phong Company, Ltd. upon Plaintiff or the Court's request.

4. Defendant Thuan Phong Company, Ltd. shall be permitted to use the words "MỸ THO" as a location designator to indicate the place of production or manufacture of Defendant Thuan Phong Company, Ltd.'s goods.  The text of the location designation shall state, in Vietnamese, "Product made in Mỹ Tho, Vietnam" or "Produced in Mỹ Tho, Vietnam."  The size of the text shall not exceed the size of the letters "TUFOCO" in Defendant's blue "TUFOCO" logo design.  If the location designator appears on the front of Defendant's packaging, the statement

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-05167 BRO (MANx) | | Date | July 24, 2015 |
|---|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED ET AL. | | | |

shall not be placed at the top of the packaging above Defendant's blue "TUFOCO" logo and three bamboo trees.

5. Defendant Thuan Phong Company, Ltd. shall immediately notify its distributors and customers in writing that it is not associated with, affiliated with, sponsored by, or otherwise related to Anhing Corporation. The written notice shall include a copy of the final permanent injunction issued by this Court.

6. Defendant Thuan Phong Company, Ltd. shall immediately notify its wholesalers in writing that they must discontinue sales of Defendant Thuan Phong Company, Ltd.'s infringing products.

7. By September 15, 2015, Defendant Thuan Phong Company, Ltd. shall file with this Court and serve Plaintiff with a written report certifying, under oath, the manner and form in which Defendant has complied with each provision of the final permanent injunction issued by this Court.

## V.    CONCLUSION

For the foregoing reasons, Defendant's Motion on Equitable Defenses is **DENIED** in its entirety.  Defendant's Motion for Judgment as a Matter of Law is also **DENIED**. Plaintiff's Motion for a Permanent Injunction is **GRANTED**, subject to the limitations set forth above.  Plaintiff shall file an amended proposed permanent injunction order consistent with this Order **by no later than Friday, July 31, 2015**.  The amended proposed permanent injunction order shall contain the same Exhibit A as included in Plaintiff's original proposed order.

**IT IS SO ORDERED.**

:

Initials of Preparer           rf