LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

Present: The Honorable  BEVERLY REID O'CONNELL, United States District Judge

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

Proceedings:   (IN CHAMBERS)

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENHANCED DAMAGES, ATTORNEYS' FEES, AND PREJUDGMENT INTEREST [410]

### I.  INTRODUCTION

Pending before the Court is Plaintiff Anhing Corporation's Motion for Enhanced Damages, Attorneys' Fees Pursuant to 15 U.S.C. § 1117(a), and Prejudgment Interest. (Dkt. No. 410.)  After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

### II.  BACKGROUND

Since 1980, Plaintiff Anhing Corporation ("Plaintiff") has sold rice papers and rice noodles under the private label brand "MY-THO."  (4/28/15 Tr. at 114:14–18, 115:23–116:1.)  In 1986, the United States Patent and Trademark Office ("USPTO") approved "MY-THO" as a registered trademark for use on Plaintiff's rice sticks and rice noodle packaging.  (Ex. 38, 146-1.)

Defendant Thuan Phong Company ("Defendant") also sells rice paper and rice noodles.  (4/30/15 Tr. at 547:3–5, 564:5–13; *see also* Final Jury Instructions ("FJI") No. 14.)  Sometime in 2010, Plaintiff discovered that Defendant was selling rice paper and rice noodles in the United States in packaging bearing the phrases "BÁNH TRÁNG MỸ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

THO" and "BÁNH PHỞ MỸ THO." (4/28/15 Tr. at 148:6–149:4; *see also* Ex. 5.) Plaintiff believed the phrase read exactly like the labels "BÁNH TRÁNG MỸ-THO" and "BÁNH PHỞ MỸ-THO" on its own rice paper and rice noodle products. (*Id.* at 149:5–8, 152:23–153:12; *see also* Ex. 1.) Examples of Plaintiff's and Defendant's products are depicted below:

**Plaintiff's Rice Papers
(Exhibit 61)**



**Plaintiff's Rice Noodles
(Exhibit 57)**



**Defendant's Rice Papers
(Exhibit 5)**



**Defendant's Rice Noodles
(Exhibit 1)**



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

Plaintiff initiated this lawsuit in July 2013, claiming protection for its registered "MY-THO" trademark and seeking damages and permanent injunctive relief for infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Dkt. No. 1.) Plaintiff also claimed a protectable trademark in the unregistered mark "MỸ-THO" pursuant to California common law, as well as protectable trade dress, for its rice noodle and rice paper packaging under the Lanham Act. (*Id.*) Defendant asserted the defense of fair use and the equitable defenses of laches and unclean hands. (Dkt. No. 22.) Defendant also filed counterclaims for false advertising and unfair competition. (*Id.*)

The case proceeded to a jury trial on April 28, 2015. (Dkt. No. 321.) On May 5, 2015, the jury returned a unanimous verdict in favor of Plaintiff, finding that "Defendant acted willfully in using 'MỸ-THO.'" (Special Verdict Form ("SVF") Questions 1, 6.)[1] The jury also found that Defendant had not engaged in a fair use. (SVF Question 4.) On Plaintiff's common law trademark infringement claim, the jury found Plaintiff had not proved ownership of a valid trademark in "MỸ-THO." (SVF Question 2.) With respect to Plaintiff's claim for trade dress infringement, the jury found Plaintiff owns a valid trade dress in its product packaging, but that Defendant's packaging is not likely to cause consumer confusion. (SVF Questions 8, 9.) The jury also found in Plaintiff's favor on Defendant's counterclaim for false advertising. (SVF Question 15.)

The jury awarded actual damages to Plaintiff in the amount of $10,000.00 and also found that Plaintiff was entitled to $8,690.52 of Defendant's profits. (*Id.*) Accordingly, the Court entered a judgment in Plaintiff's favor and ordered that Plaintiff recover the sum of $18,690.52 from Defendant, plus post-judgment interest and costs. (Dkt. No. 394.) The Court also granted Plaintiff's Motion for a permanent injunction. (Dkt. No. 372.)

On October 22, 2015, Plaintiff filed the instant motion seeking enhanced damages, attorneys' fees pursuant to 15 U.S.C. § 1117(a), and prejudgment interest. (Dkt. No. 410.) On October 24, 2015, Plaintiff filed a notice of errata and a corrected memorandum of points and authorities in support of its Motion. (Dkt. No. 413.)

---

[1] A copy of the redacted verdict form is available at Docket No. 330, and the unredacted form is available at Docket No. 339.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

Defendant timely opposed the motion on November 9, 2015, (Dkt. No. 421), and Plaintiff timely replied, (Dkt. No. 426).[2]

## III. LEGAL STANDARD

### A. Attorneys' Fees

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Whether to award attorneys' fees is within the Court's discretion, provided that the Court finds the case to be "exceptional." *See Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 825 (9th Cir. 1997). According to the Ninth Circuit, courts are to construe the "exceptional circumstances requirement narrowly." *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008) (internal quotation marks omitted). Even assuming a district court deems a case "exceptional," whether to award fees remains within the court's discretion, as the Lanham Act "provides that the court *may* award fees; it does not require them." *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000) (emphasis added) (internal quotation marks omitted).

Although the Lanham Act "nowhere defines what makes a case 'exceptional,'" the Ninth Circuit has explained that "a trademark case is exceptional for purposes of an award of attorney's fees when the [defendant's] infringement is malicious, fraudulent, deliberate, or willful." *Stephen W. Boney, Inc.*, 127 F.3d at 825. The United States Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) is also instructive as to the meaning of "exceptional." In that case, the Supreme Court reviewed Section 285 of the Patent Act, which includes an attorneys' fee provision similar to that of the Lanham Act. *Octane Fitness*, 134 S. Ct. at 1755–56; *compare* 35 U.S.C. § 285, *with* 15 U.S.C. § 1117(a). The Court explained "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law

---

[2] The Court notes that each party filed an objection to declarations lodged by the opposing party in support of their relative positions regarding Plaintiff's Motion. (Dkt. Nos. 427, 429.) The Court does not rely on either declaration in deciding Plaintiff's Motion, thus the objections are **OVERRULED as moot**.

Case 2:13-cv-05167-BRO-MAN   Document 434   Filed 01/25/16   Page 5 of 10   Page ID
#:10603
LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756.

### B.  Enhanced Damages

Damages for trademark infringement claims under the Lanham Act are governed by 15 U.S.C. § 1117(a), which entitles a successful plaintiff to three types of remedies: (1) disgorgement of defendant's profits; (2) plaintiff's actual damages; and, (3) the cost of the action. *See* 15 U.S.C. § 1117(a). Additionally, "[t]he plain language of the Lanham Act permits a district court, in its discretion, to enter judgment for any sum above the amount found as actual damages not exceeding three times such amount." *Skydive Arizona Inc. v. Quattrocchi*, 673 F.3d 1105, 1114 (9th Cir. 2012) (internal quotation marks omitted). The Act also provides that the court may exercise its discretion to adjust the amount of recovery based on profits to an amount the court "find[s] to be just" if it determines the amount "is either inadequate or excessive." 15 U.S.C. § 1117(a). If the court chooses to exercise its discretion to adjust the award of damages or profits, the sum "shall constitute compensation and not a penalty." *Id.*; *see also Skydive Arizona Inc.*, 673 F.3d at 1114 ("In a Lanham Act case, to penalize defendants for opprobrious conduct is an abuse of discretion.") (internal quotation marks omitted).

### C.  Prejudgment Interest

"While the Lanham Act does not mandate an award of prejudgment interest, 'federal common law authorizes the award of such interest in appropriate cases to victims of violations of federal law.'" *Cyclone USA, Inc. v. LL&C Dealer Servs., LLC*, No. CV 03-992-AJW, 2010 WL 2132378, at *1 (C.D. Cal. May 24, 2010) (quoting *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir.1989)). "An award of pre-judgment interest in a case under federal law is left to the sound discretion of the trial court." *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1310 (9th Cir. 1982). "Awards of pre-judgment interest are governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole." *United States v. Cal. State Bd. of Equalization*, 650 F.2d 1127, 1132 (9th Cir. 1981), *aff'd mem.*, 456 U.S. 901 (1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

## IV. DISCUSSION

Plaintiff seeks an award of attorneys' fees, enhanced damages, and prejudgment interest. (Mot. at 1.) Specifically, Plaintiff requests that the Court award $663,351.40 in attorneys' fees, treble the $10,000 damage award to $30,000, enhance the disgorgement amount from $8,690.52 to $100,000, and apply prejudgment interest at the rate of 3.25%. (Mot. at 5, 6, 21, 23.) The Court will address each request in turn.

### A. Attorneys' Fees

As discussed above, the Lanham Act provides that a court may, in its discretion, award attorneys' fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). The United States Supreme Court has explained that an exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case)." *Octane Fitness*, 134 S. Ct. at 1756 (defining the term "exceptional case" under an attorneys' fee provision in the Patent Act and noting that the Patent Act and Lanham Act have identical fee-shifting provisions). The Ninth Circuit applies a more specific test and holds that "[a] trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully." *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003).

Plaintiff relies heavily on the fact that the jury found "Defendant acted willfully in using 'MỸ-THO.'" (Mot. (Dkt. No. 413-1) at 12; SVF Questions 1, 6.) Plaintiff also claims that the Court confirmed the jury's verdict, noting the Court's previous statement that "the jury's verdict clearly reflects a finding of willful infringement." (Mot. at 12; *see also* Dkt. No. 372 at 14.) This, according to Plaintiff, satisfies the Ninth Circuit's definition of an "exceptional case" given the jury's finding of willful infringement. (Mot. at 12.)

"[A] determination that a trademark case is exceptional is a question of law for the district court, not the jury." *Watec Co. v. Liu*, 403 F.3d 645, 656 (9th Cir. 2005) (reversing a district court's determination that a case was "exceptional," where the district court based its decision solely on the jury's finding that the defendant intentionally infringed on the plaintiff's trademarks). "While a jury finding of willful

Case 2:13-cv-05167-BRO-MAN Document 434 Filed 01/25/16 Page 7 of 10 Page ID #:10605

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

infringement is relevant to the question of whether a case is exceptional, it is insufficient on its own to support an award of fees in the absence of some aggravating circumstance or heightened level of culpability." *Invision Media Servs., Inc. v. Glen J. Lerner*, 175 F. App'x 904, 906 (9th Cir. 2006) (citing *Watec Co. v. Liu*, 403 F.3d 645, 656 (9th Cir. 2005) ("[T]he jury's finding that [the defendant] 'intentionally infringed' does not necessarily equate with the malicious, fraudulent, deliberate or willful conduct that we usually require before deeming a case exceptional.")); *see also Apple, Inc. v. Samsung Elecs. Co.*, No.: 11–CV–01846–LHK, 2014 WL 4145499, at *7, 11 (N.D. Cal. Aug. 20, 2014) (declining to rely solely on the jury's finding of willful infringement and concluding that, based on the totality of the circumstances, it was not an exceptional case under *Octane Fitness* or the Ninth Circuit's definition); *cf. Gracie*, 217 F.3d at 1068–69 (holding that, although the jury's verdict was not dispositive, it was entitled to greater deference because the jury found willful infringement after being instructed on the bad faith component of "willfulness").

Here, the Court concludes that Defendant's infringement was not malicious, fraudulent, or deliberate, *Earthquake Sound Corp.*, 352 F.3d at 1216, nor does this case "stand[] out from others with respect to the substantive strength of" the parties' litigating positions, *Octane Fitness*, 134 S. Ct. at 1756. To begin, the Court reiterates that the packaging phrase at issue is "BÁNH TRÁNG MỸ THO." "BÁNH TRÁNG" means rice paper, (04/30/15 Tr. at 548:17–18), and "MỸ THO" is the city in which Defendant operates—Mỹ Tho, Vietnam, (*id.* at 548:18–19.) Given that Defendant's rice paper product was produced in Mỹ Tho, Vietnam, it is plausible that Defendant's use of the words "BÁNH TRÁNG MỸ THO" on its rice paper products was intended to describe the product and provide the product's city of origin. (*See id.* at 548:16–19.)

Further, Defendant began using the disputed phrase on its rice paper packaging in 2002, and, until 2011, Defendant had not changed its packaging. (*Id.* at 549:24–550:1.) Plaintiff and Defendant began doing business together in 2004, (4/28/15 Tr. at 143:8–15), and around the same time, Defendant began selling its product in the United States, (FJI NO. 14). Despite the duration of the parties' relationship, and the fact Defendant had been selling its product in the United States for approximately seven years, it was not until early 2011 that Plaintiff finally disputed Defendant's use of the phrase "BÁNH TRÁNG MỸ THO." (4/28/15 Tr. at 149:9–23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

Moreover, in 2007, Defendant applied to the USPTO for a trademark for its rice paper products in the mark and design "BÁNH TRÁNG MỸ THO TUFOCO DAC BIET DE LAM GOI CUON VA CHA GIO VIET NAM BAMBOO TREE HIEU BA CAY TRE VIETNAMESE RICE PAPER," (04/30/15 Tr. at 557:15–17), which was approved on November 4, 2008, (Ex. 107). Such conduct is less indicative of a party acting maliciously, fraudulently, deliberately, or willfully than it is of a party seeking to protect its independently-created trademark. Further, when Plaintiff finally requested that Defendant cease using the words "MỸ THO" on its products, (4/28/15 Tr. at 149:9–23; *see also* Ex. 133-2), Defendant explained that the phrases "BÁNH PHỞ MỸ THO" and "HỦ TIẾU MỸ THO" were not brand designations, (*see* Ex. 132-2), but rather phrases indicating the origin of the products, the city of Mỹ Tho, Vietnam, (*see* Ex. 132-2). Even so, Defendant willingly agreed to discontinue the use of the phrases on its rice noodle packaging and indicated it would use new names with added prepositions: "BÁNH PHỞ SẢN XUẤT TẠI THÀNH PHỐ MỸ THO" and "HỦ TIẾU SẢN XUẤT TẠI THÀNH PHỐ MỸ THO," (*see* Ex. 132-2), which clarified that Defendant's rice noodles were produced in the city of Mỹ Tho, (4/28/15 Tr. at 152:17–22, 153:16–25). Plaintiff was not satisfied with these changes because the words "MỸ THO" still appeared at the top of the packaging. (*Id.* at 154:2–10.)

Given the duration of Defendant's use of the phrase "BÁNH PHỞ MỸ THO," the fact the phrase indicates the origin of the product, the fact Defendant applied for and received trademark registration of a phrase using those words, and Defendant's willingness to alter its product to appease Plaintiff's cease and desist request, the Court concludes that Defendant did not act maliciously, fraudulently, or deliberately. *Earthquake Sound Corp.*, 352 F.3d at 1216. Nor does the Court find that this case stands out from others with respect to the substantive strength of the parties' litigating positions. *Octane Fitness*, 134 S. Ct. at 1756. Thus, the Court finds that this is not an exceptional case warranting an award of attorneys' fees to Plaintiff. Plaintiff's Motion is therefore **DENIED** as to its request for attorneys' fees.

### B.     Enhanced Damages

Plaintiff requests that the Court treble Plaintiff's $10,000 damage award and enhance the disgorgement amount from $8,690.52 to $100,000. (Mot. at 5–7.) Plaintiff argues that the damages awarded by the jury are insufficient to compensate Plaintiff and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

discourage Defendant from engaging in future infringement. (*Id.*) According to Plaintiff, this is particularly true in light of the jury's finding that Defendant's infringement in this case was willful. (*Id.*)

### 1. Damages

As to the $10,000 damage award, Plaintiff notes that Plaintiff's counsel detailed grounds for a damages award of $291,130 at trial. (Mot. at 5; *see also* 5/4/15 Tr. at 747:14–15.) Plaintiff further argues that given the evidence Plaintiff presented at trial, $10,000 in damages "is simply not sufficient to compensate Plaintiff for willful infringement of its mark by its prior supplier." (Mot. at 6.)

The Court declines to treble Plaintiff's $10,000 damages award. Contrary to Plaintiff's position, at trial Plaintiff specifically asked the jury to award $219,070 in damages. (5/4/15 Tr. at 747:22–23.) However, after considering all of the evidence presented to it throughout the trial, the jury reasonably determined that the appropriate award of damages was $10,000. The Court will therefore not exercise its discretion to disturb the jury's damages calculation, as the jury award adequately compensates Plaintiff for the damages in this case based on the evidence presented at trial.

### 2. Profit Disgorgement

As to Plaintiff's request for enhanced profit disgorgement, Plaintiff asserts that disgorgement of $100,000 is reasonable because "Defendant profited from its infringement and was unjustly enriched, possibly to the tune of hundreds of thousands of dollars." (Mot. at 7.) Plaintiff alleges that Defendant's profits on the infringing products totaled $687,135.75. (*Id.*) Accordingly, Plaintiff argues that disgorgement of $8,690.52 is insufficient and fails to discourage future infringement. (*Id.*)

Similar to the Court's decision regarding damages, the Court declines to disturb the jury's profit disgorgement calculation. Prior to deliberation, the Court instructed the jury that if it found Defendant had acted "willfully," which the jury did, then Plaintiff was entitled to any profits earned by Defendant attributable to the infringement, and which Plaintiff proved by a preponderance of the evidence. (5/4/15 Tr. at 720:8–12.) Further, the Court instructed that "profits" are calculated by deducting all expenses from gross

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-05167-BRO (MANx) | Date | January 25, 2016 |
|---|---|---|---|
| Title | ANHING CORPORATION V. THUAN PHONG COMPANY LIMITED, ET AL. | | |

revenue received from using the trademark in the sale of its product. (5/4/15 Tr. at 720:13–23.) Thus, after the parties presented the evidence, which included evidence regarding Defendant's "profits," and after the jury was properly instructed, the jury determined that Plaintiff was entitled to $8,690.52 in profit disgorgement from Defendant. Based on the evidence presented at trial, the Court finds this amount to be reasonable. Accordingly, the Court will not alter jury's conclusion regarding profit disgorgement.

  **C.**   **Prejudgment Interest**

Although 15 U.S.C. § 1117(a) does not provide for prejudgment interest, *see* 15 U.S.C. § 1117(a), "[a]n award of pre-judgment interest in a case under federal law is left to the sound discretion of the trial court." *Twin City Sportservice, Inc.*, 676 F.2d at 1310. Here, the Court finds that an award of prejudgment interest is warranted to avoid incomplete compensation to Plaintiff. *See Cal. State Bd. of Equalization*, 650 F.2d at 1132. Plaintiff shall file a supplemental brief indicating the amount of prejudgment interest requested given the Court's conclusions in this Order.

**V.**   **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**. Specifically, the Court **GRANTS** Plaintiff's request for prejudgment interest. As discussed above, Plaintiff shall file supplemental briefing indicating the amount of prejudgment interest to which it is entitled in light of this Order. However, as to Plaintiff's request for attorneys' fees and enhanced damages, the Court **DENIES** Plaintiff's Motion.

  **IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |